## PEOPLE v. LANE

1. CONTINUANCE — DENIAL — DISCRETION — WITNESSES — IMPEACH-
   MENT — EVIDENCE — CUMULATIVE.
   Denial of a continuance to permit defendant to obtain certain
   records in order to impeach a key prosecution witness who had
   testified that she had never been in any trouble, was not an
   abuse of discretion where a police officer testified that the
   prosecution witness had one prior bad check conviction and
   another similar charge pending and the witness' ex-husband
   testified that she had prior involvement in bad check cases.

2. EVIDENCE—IMPEACHMENT—PRIOR CRIMES—DISCRETION.
   The scope of impeaching evidence of prior crimes is within a
   trial court discretion and a conviction will not be reversed
   unless that discretion was abused.

3. WITNESSES — CREDIBILITY — LIFE — CHARACTER — INQUIRY —
   REASONABLENESS.
   Previous life and character of a witness may be inquired into
   to elicit facts which will aid a jury in determining the credence
   to be attached to that witness' testimony, but it is the duty
   of a court to keep such an examination within reasonable
   bounds.

4. WITNESSES — CREDIBILITY — EVIDENCE — ABUNDANCY — CUMULA-
   TIVENESS — DISCRETION.
   Trial judge did not abuse his discretion in deciding that further
   evidence regarding a prosecution witness' involvement with bad
   check charges would be unnecessarily cumulative where abund-
   ant evidence had been introduced which weighed heavily against
   the credibility of that witness.

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur 2d, Continuance §§ 30, 53.
[2] 29 Am Jur 2d, Evidence § 327.
[3, 4] 29 Am Jur 2d, Evidence § 341.
    58 Am Jur, Witnesses § 725 et seq.

Appeal from Genesee, Anthony J. Mansour, J. Submitted Division 2 January 6, 1970, at Lansing. (Docket No. 6,879.)   Decided January 28, 1970.

Larry Lane was convicted by a jury of conspiracy to utter and publish a forged check and uttering and publishing a forged check.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*William J. Priehs,* for defendant on appeal.

Before:   LEVIN, P. J., and HOLBROOK and BRONSON, JJ.

PER CURIAM.   Defendant, Larry Lane, was charged in a two-count information with the crimes of conspiracy to utter and publish a forged check (Count I — MCLA § 750.505 [Stat Ann 1954 Rev § 28.773]) and uttering and publishing a forged check (Count II — MCLA § 750.249 [Stat Ann 1962 Rev § 28.446]).   Defendant was tried before a jury in the Genesee County Circuit Court and was found guilty on both charges.

Defendant raises only one question on this appeal.   He claims that the trial court abused its discretion in refusing to allow him a continuance at the conclusion of the proofs in order for him to obtain records of a justice of the peace for the purpose of impeaching a "key" prosecution witness who had previously testified on cross-examination that she had never been in any trouble.   Defendant submits that because that witness' testimony was

primarily responsible for convincing the jury of the defendant's guilt, he should have been afforded every reasonable opportunity to impeach her and attack her truth and veracity.

A review of the record by this Court, however, does not convince us that the trial court abused its discretion. The trial court allowed a police officer to testify that the witness had one prior conviction involving bad check charges, and another charge pending. The witness' ex-husband testified that she had prior involvement in bad check cases. The testimony of a bank clerk, who worked where the witness and her ex-husband had a checking account, was excluded after testimony was taken on a separate record because it was cumulative and because the bank clerk had no personal knowledge that the witness had ever been personally informed that her account was overdrawn.

The scope of the impeaching evidence of prior crimes is a matter within the sound discretion of the trial court. A conviction will not be reversed unless the discretion of the trial court is abused. *People* v. *Ely* (1943), 307 Mich 452; *People* v. *Kruper* (1954), 340 Mich 114.

Further, it is well settled that while the previous life and character of a witness may be inquired into to elicit facts which will aid the jury in determining the credence to be attached to a witness' testimony, it is the duty of the courts to keep such examination within reasonable bounds. In the present case there was abundant evidence already introduced which weighed heavily against the credibility of the witness. The trial judge did not abuse his discretion in deciding that further evidence would be unnecessarily cumulative.

Affirmed.