PEOPLE *v.* LONG

1. FORGERY—INTENT TO DEFRAUD—GIST OF OFFENSE.
   Intent to defraud is the gist of the offense of forgery.

2. CRIMINAL LAW—CROSS-EXAMINATION—IMPEACHMENT—DISCRETION OF COURT.

   The scope of cross-examination in a criminal case with respect to impeachment of a witness is within the sound discretion of the trial court.

Appeal from Genesee, Anthony J. Mansour, J. Submitted Division 2 October 12, 1970, at Lansing. (Docket No. 8,722.) Decided October 27, 1970.

Carl Long was convicted of conspiracy to utter and publish a forged check and of uttering and publishing a forged check. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*Jerome F. O'Rourke* for defendant on appeal.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 36 Am Jur 2d, Forgery § 26.
[2] 58 Am Jur, Witnesses § 621.

Before:  Quinn, P. J., and V. J. Brennan and Ziem,* JJ.

Per Curiam.  Defendant was charged with conspiracy to utter and publish a forged check[1] and uttering and publishing a forged check.[2]  He was tried before a jury and convicted on both counts. On appeal he makes two assignments of error.

First, defendant alleges that the people failed to prove one of the elements of the crime, that the check was a forgery.  Defendant asserts that the name signed on the checks by his accomplice had been used by her for other purposes at various times and that the case of *People* v. *Brown* (1913), 178 Mich 155, would require a reversal of his conviction under the circumstances.  We do not agree. In *Brown,* the complainant, a long-time friend of the defendant, knew that the defendant had habitually used the name signed on the check for the past ten years and that it was not his real name. *Brown's* conviction of uttering and publishing was reversed because there was no evidence of an intent to use the signature to defraud and therefore no evidence that the check was forged.  The intent to defraud is the gist of the offense of forgery.  *Leslie* v. *Kennedy* (1930), 249 Mich 553.  In the case at bar, fraudulent intent was amply demonstrated by the proofs elicited at trial.  None of the peculiar circumstances of *Brown* were here present.

Second, the defendant alleges error in the failure of the trial court to allow a continuance to obtain the records of a justice of the peace for the purpose of impeaching a key prosecution witness.  The scope of cross-examination in a criminal case with

---

* Circuit judge, sitting on the Court of Appeals by assignment.
1 MCLA § 750.505 (Stat Ann 1954 Rev § 28.773).
2 MCLA § 750.249 (Stat Ann 1962 Rev § 28.446).

respect to impeachment is within the sound discretion of the trial court. *People* v. *Kruper* (1954), 340 Mich 114. Upon a review of the record, we are unable to say that the court abused its discretion by requiring cross-examination to proceed without the records of the witness's two misdemeanor convictions. See *People* v. *Lane* (1970), 21 Mich App 185.

Affirmed.