PEOPLE v WILLIAMS

Docket Nos. 77-1705, 77-2196. Submitted May 2, 1978, at Lansing.— Decided June 19, 1978.

Charles Williams, II, was convicted of armed robbery and assault with intent to commit murder in Oakland Circuit Court, Farrell E. Roberts, J. Defendant appeals, contending that the trial court erred in failing to exercise its discretion on the record in considering defendant's motion to suppress his prior criminal record, that the prosecutor's closing argument was prejudicial, and that defendant was denied effective assistance of counsel. *Held:*

1. The trial court's failure to exercise its discretion on the record was error, but reversal is not mandated because after an in-chambers hearing on the matter defense counsel made no more mention of the motion to suppress and in fact waived the error by deliberately introducing the defendant's prior criminal record, and because the evidence of defendant's guilt was overwhelming.

2. The prosecutor's closing argument was within the bounds of legitimate and effective advocacy.

3. The assistance of counsel issue is without merit.

Affirmed.

N. J. KAUFMAN, J. , concurs except that he would point out that the remarks of the prosecutor in closing argument, while not amounting to reversible error, were improper and should not be condoned.

OPINION OF THE COURT

1. CRIMINAL LAW—EVIDENCE—PRIOR CONVICTIONS—JUDGE'S DISCRETION.

A trial judge may in the exercise of his discretion exclude

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5 Am Jur 2d, Appeal and Error §§ 603, 604, 802.
    29 Am Jur 2d, Evidence § 320.
[2] 5 Am Jur 2d, Appeal and Error § 562.
[3] 75 Am Jur 2d, Trial §§ 193, 218–220.
    Supreme Court's views as to what courtroom statements made by prosecuting attorney during criminal trial violate due process or constitute denial of fair trial. 40 L Ed 2d 886.

reference to a defendant's prior conviction record, and it is error to fail to recognize that he has such discretion and, therefore, to fail or to refuse to exercise it.

2. CRIMINAL LAW—EVIDENCE—PRIOR CONVICTIONS—JUDGE'S DISCRETION—REVERSAL.

A trial court's erroneous failure to exercise its discretion on the record regarding a motion by defendant to exclude his prior conviction record does not mandate reversal where after an in-chambers hearing defense counsel made no further mention of his motion, defendant waived any error by then deliberately introducing his prior criminal record into evidence, and where the evidence of guilt was overwhelming.

CONCURRENCE BY N. J. KAUFMAN, J.

3. CRIMINAL LAW—PROSECUTOR'S COMMENTS—IMPROPER ARGUMENT.

*A prosecutor's comment, in closing argument, that a lawyer should argue the facts if the law is against him, the law if the facts are against him and attack the police if both are against him, while it did not amount to reversible error, was improper and should not be condoned.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Thomas S. Richards,* Assistant Prosecuting Attorney, for the people.

*James L. Feinberg,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and D. E. HOLBROOK and N. J. KAUFMAN, JJ.

J. H. GILLIS, P. J. Defendant was tried and convicted by a jury in Oakland County Circuit Court of armed robbery, contrary to MCL 750.529; MSA 28.797, and assault with intent to commit murder, contrary to MCL 750.83; MSA 28.278. He was subsequently sentenced to concurrent prison terms

of 6 to 10 years on the armed robbery charge, and 10 to 20 years on the assault charge.

The charges in the instant matter stem from the robbery of a grocery store in Berkley, Michigan. Defendant, along with three others, was arrested after a two-mile chase and shoot-out on Woodward Avenue in the northern suburbs of Detroit.

Defendant now appeals as of right alleging several instances of error.

At the beginning of trial, defense counsel made a motion to suppress defendant's prior criminal record. The trial judge responded, concluding:

"I will take that under advisement. I'd like to know a little bit more about what kind of felonious assault occurred. Come to chambers."

No ruling was ever made upon the record in respect to this motion.

Defendant contends that the trial court committed reversible error in failing to exercise its discretion on the record in response to defendant's motion to suppress his prior criminal record.

"We are persuaded that a trial judge may in the exercise of discretion exclude reference to a prior conviction record, and that it is error to fail to recognize that he has such discretion and, therefore, to fail or to refuse to exercise it." *People v Jackson,* 391 Mich 323, 336; 217 NW2d 22 (1974).

"On order of the Court, defendant's conviction is peremptorily reversed and a new trial ordered on the ground that defendant sought to have the court exercise its discretion to exclude prior conviction evidence, and it is apparent that the court failed to recognize that it had such discretion and failed to exercise it. See *People v Jackson,* 391 Mich 323 (1974). In order to comply with *Jackson* the trial court must positively indicate and

identify its exercise of discretion." *People v Cherry,* 393 Mich 261; 224 NW2d 286 (1974).

Recent decisions from this Court indicate that the exercise of discretion must be on the record. See *People v Gunter,* 76 Mich App 483; 257 NW2d 133 (1977), *People v Florida,* 61 Mich App 653; 233 NW2d 127 (1975).

Our review of the record reveals that the trial court did err in failing to exercise its discretion on the record. However, this error does not mandate reversal in this case.

After the in-chambers hearing with the trial judge, defense counsel made no mention of his prior motion to suppress defendant's prior criminal record. Defense counsel referred to defendant's prior criminal record in his opening statement, and later, on direct examination, questioned defendant about a prior conviction. Defendant has waived any error by deliberately introducing into evidence his prior criminal record.

"Counsel cannot sit back and harbor error to be used as an appellate parachute in the event of jury failure." *People v Brocato,* 17 Mich App 277, 305; 169 NW2d 483 (1969).

We also note that the evidence of guilt is overwhelming in the instant case, and under such circumstances the improper admission of a prior conviction does not constitute reversible error. See *People v Killebrew,* 61 Mich App 129, 134; 232 NW2d 329 (1975), *People v Johnson,* 46 Mich App 212, 221; 207 NW2d 914 (1973).

Defendant next contends that the prosecutor's closing argument was so prejudicial that it denied him a fair trial. We disagree.

The closing argument made by the prosecutor

was well within the bounds of legitimate and effective advocacy. We find no error in respect to this issue.

Defendant's final allegation of error fails in light of *People v Jelks,* 33 Mich App 425, 431; 190 NW2d 291 (1971), and *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976).

Affirmed.

D. E. HOLBROOK, J., concurred.

N. J. KAUFMAN, J. *(concurring).* I concur in the result reached by the majority opinion and its reasoning except insofar as it states that "[t]he closing argument made by the prosecutor was well within the bounds of legitimate and effective advocacy". I cannot so classify the prosecutor's repetition of the old adage that a lawyer should argue the facts if the law is against him, the law if the facts are against him, and attack the police if both are against him. While that remark did not amount to reversible error, it was improper and is not condoned. It should be noted that the remark mentioned above was at variance with an otherwise good closing argument. This, then, is a good opportunity to remind prosecutors that a good closing argument is not enhanced by a foray close to forbidden territory. No extra points are given for daring.