PEOPLE v WORDEN

Docket No. 77-99. Submitted January 5, 1979, at Grand Rapids.—
Decided August 20, 1979.

George L. Worden was convicted of forgery, Calhoun Circuit
Court, Stanley Everett, J. Defendant appeals, alleging, *inter
alia,* that the trial court abused its discretion in deciding to
admit evidence of defendant's prior felony convictions for the
purpose of impeachment, and that the trial court erred in
admitting evidence of other bad acts and in failing to give, *sua
sponte,* a cautionary instruction regarding accomplice testi-
mony. *Held:*

1. The trial court clearly recognized that it had the discretion
to permit or deny the use of evidence of the defendant's prior
convictions for impeachment. The court's decision to admit the
evidence of the prior convictions was not an abuse of that
discretion.

2. The evidence of the defendant's other bad acts was prop-

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence § 333.
  75 Am Jur 2d, Trial § 863.
  81 Am Jur 2d, Witnesses §§ 569-586.
[2] 5 Am Jur 2d, Appeal and Error § 881.
  75 Am Jur 2d, Trial §§ 393, 416 *et seq.*
  81 Am Jur 2d, Witnesses §§ 569, 584.
[3] 75 Am Jur 2d, Trial §§ 393, 416 *et seq.*
[4, 10] 29 Am Jur 2d, Evidence § 320 *et seq.*
[5] 29 Am Jur 2d, Evidence §§ 321, 330.
  81 Am Jur 2d, Witnesses § 577.
  Right to impeach credibility of accused by showing prior conviction,
    as affected by remoteness in time of prior offense. 67 ALR3d 824.
[6] 81 Am Jur 2d, Witnesses § 576.
  Permissibility of impeaching credibility of witness by showing for-
    mer conviction, as affected by pendency of appeal from conviction
    or motion for new trial. 16 ALR3d 726.
[7] 29 Am Jur 2d, Evidence § 321 *et seq.*
[8] 36 Am Jur 2d, Forgery §§ 1-4.
  37 Am Jur 2d, Fraud and Deceit § 28.
[9] 75 Am Jur 2d, Trial §§ 690, 818-820, 866.

erly admitted to show the defendant's intent to defraud, which was an essential element of the crime charged.

3. The court's failure to give an instruction on accomplice testimony was not error. There was no request for such an instruction, and in this case the issue was not so closely drawn as to require a cautionary instruction in the absence of a request.

Affirmed.

M. J. KELLY, J., concurred separately. He would hold that the decision to admit evidence of five prior convictions was error because the convictions were for conduct which was the same or substantially the same as that with which the defendant was charged, and this could likely influence the jury. The error does not require reversal in this case, however, because the people presented overwhelming evidence that defendant had forged the check.

## OPINION OF THE COURT

1. CRIMINAL LAW — EVIDENCE — WITNESSES — PRIOR CONVICTIONS — IMPEACHMENT — RULES OF EVIDENCE.

Evidence that a witness has previously been convicted of a crime may, in the discretion of the trial court, be admitted for the purpose of impeaching the witness where the conviction was for a felony and where the trial court determines that the probative value of the evidence outweighs its prejudicial effect (MRE 609[a]).

2. APPEAL AND ERROR — CRIMINAL LAW — EVIDENCE — WITNESSES — PRIOR CONVICTIONS — JUDGE'S DISCRETION.

The Court of Appeals, when reviewing the decision of a trial court to admit evidence of a witness's prior convictions for purposes of impeachment, must determine whether the trial court recognized that it had the discretion to deny admission of the evidence and, if so, whether admission of the evidence would be an abuse of that discretion.

3. EVIDENCE — ADMISSIBILITY — JUDGE'S DISCRETION.

Recognition by a trial court that the use of some evidence is to be permitted while the use of other evidence is to be denied is the essence of discretion on the admissibility of evidence.

4. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS — SAME OR SIMILAR CONDUCT — IMPEACHMENT.

The fact that a defendant's prior convictions were for the same or similar offenses as the charged offense weighs against admissi-

bility of evidence of those prior convictions for purposes of impeachment of the defendant.

5. CRIMINAL LAW — EVIDENCE — IMPEACHMENT — PRIOR CONVICTIONS.

A trial court's decision. to admit, for impeachment purposes, evidence of a defendant's previous convictions is not improper merely because the prior convictions were remote in time.

6. CRIMINAL LAW — EVIDENCE — IMPEACHMENT — PRIOR CONVICTIONS — REVERSIBLE ERROR.

It is error to permit impeachment of a defendant by use of evidence of a prior conviction which has subsequently been reversed upon appeal; however, such error is not reversible error unless it appears from the record that the admission of the evidence of the reversed conviction would have materially influenced the trier of fact in arriving at a verdict.

7. CRIMINAL LAW — EVIDENCE — OTHER BAD ACTS — SIMILAR ACTS — STATUTES.

Generally, evidence of a defendant's bad acts other than the crime charged is not admissible because its probative value is outweighed by the likelihood that it will prejudice the jury against the defendant; an exception is made for using such evidence to show a defendant's motive, intent, absence of mistake, design, scheme, plan or system in committing the charged offense (MCL 768.27; MSA 28.1050).

8. FORGERY — INTENT TO DEFRAUD — ELEMENTS OF CRIME.

An intent to defraud is the gist of the crime of forgery and is, therefore, an essential element of the crime of forgery.

9. CRIMINAL LAW — INSTRUCTIONS TO JURY — ACCOMPLICE TESTIMONY.

Failure of a trial court to give a cautionary instruction regarding testimony of an accomplice was not error where there was no request for such an instruction and the issue was not closely drawn as the case involved the word of the defendant against the testimony of two accomplices and two nonaccomplices.

CONCURRENCE BY M. J. KELLY, J.

10. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS — SAME OR SIMILAR CONDUCT.

*The admission of evidence of a defendant's five prior convictions for impeachment purposes is error where the prior convictions*

*were for the same or substantially the same conduct as that
involved in the charged offense; it is not required, in order for
the evidence to be inadmissible, that the prior convictions be
for the identical crime with which the defendant is charged.*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *James Norlander,*
Prosecuting Attorney, and *Ronald A. LeBeuf,* As-
sistant Prosecuting Attorney, for the people.

*Domnick J. Sorise,* Assistant State Appellate
Defender, for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and R. B.
BURNS and M. J. KELLY, JJ.

D. E. HOLBROOK, JR., P.J. Defendant was charged
with forgery, a violation of MCL 750.248; MSA
28.445. In September, 1976, defendant was con-
victed by a jury of the charged offense and sen-
tenced to 8-1/2 to 14 years in prison. He appeals
as of right, raising five issues.

I

Defendant's criminal history indicates that he
has been convicted on six prior occasions. He was
convicted of breaking and entering in 1954;[1] issu-
ing an insufficient funds check in 1958;[2] uttering
and publishing in October, 1958;[3] issuing a no-ac-

[1] MCL 750.110; MSA 28.305. This offense is a felony punishable by
imprisonment in the state prison for not more than 10 years, or for
not more than 15 years if the building is an occupied dwelling house.

[2] MCL 750.131; MSA 28.326. If the amount of the check is over $50,
this offense is a felony punishable by imprisonment in the county jail
for not more than one year; if $50 or less, it is a misdemeanor. The
record is not clear regarding the amount of this insufficient funds
check, but since defendant does not contend that the conviction was a
misdemeanor, we assume that it was a felony.

[3] MCL 750.249; MSA 28.446. This offense is a felony punishable by
imprisonment in the state prison for not more than 14 years.

count check in May, 1966;[4] attempted uttering and publishing in January, 1968;[5] and attempted uttering and publishing in May, 1972. Prior to the opening statements, defense counsel made a motion to prohibit the prosecution's utilization of defendant's prior convictions for impeachment purposes should defendant take the stand. This motion was discussed in chambers and the trial court determined that while the breaking and entering conviction could not be used, the remainder would be admitted.[6] Defendant chose not to

[4] MCL 750.131a; MSA 28.326(1). This offense is a felony punishable by imprisonment in the state prison for not more than two years.

[5] MCL 750.249; MSA 28.446, MCL 750.92; MSA 28.287. This offense is a felony punishable by imprisonment in the state prison for not more than five years.

[6] The trial court's ruling on defendant's motion was made on the record, even though the argument was heard in chambers. The court ruled:

"The Court: All right, lets take up the first matter. We have discussed it in chambers. I've indicated to the prosecutor that certain B & E convictions should not be referred to. They are old to begin with, and I would agree that as to them, there is little if any probative value. I have indicated to the prosecutor that those offenses relating directly to checks, either uttering and publishing or forgery or attempted uttering and publishing or the issuance of bad checks can be referred to but on the basis that he will have the right to ask the defendant 'have you been arrested and convicted' of whatever the offense is and the number of times. It seems to me clearly that in the forgery case, prior convictions of a related nature go directly to the credibility of the witness if he testifies that he, for example, did not forge this or which I assume would be his defense. And the jury will be instructed of course, that—of the limited purpose for which such convictions may be referred to.

\* \* \*

"Mr. Shaffer: Your Honor, for the record, and in response to a statement by the prosecutor, in chambers, the prosecutor referred to a 1958 uttering and publishing conviction. I would like to place on the record that that conviction had been reversed. It was remanded and subsequently nolle prossed, so—.

"The Court: All right. Well, I'm not going to allow the prosecutor to go into detail but to simply ask the defendant have you been arrested and convicted of whatever it is he has been arrested and convicted which relates to checks and the number of times. If it is uttering and publishing, he can ask him that. If it is forgery, he can ask him that. One of those was passing a no account check, he can ask that, but he

testify at his trial. He now argues that the trial judge abused his discretion by deciding to admit evidence of his convictions for impeachment purposes, and that this abuse of discretion infringed upon his rights to testify and to present an affirmative defense.

At the time of the trial in 1976, the admission into evidence of references to a defendant's prior convictions for impeachment purposes was controlled by MCL 600.2158; MSA 27A.2158[7] and MCL 600.2159; MSA 27A.2159.[8] These statutes were interpreted by Judge (now Justice) Levin in *People v Farrar,* 36 Mich App 294; 193 NW2d 363 (1971), as being permissive in their application, thus allowing a trial court, in the exercise of its discretion, to refuse to allow reference to a defendant's prior conviction record. This analysis was adopted by the Michigan Supreme Court in *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974), in an opinion written by Justice Levin and concurred in by Chief Justice T. M. Kavanagh and Justices

is not going to be allowed to go into the details of these. You have a right, of course, if you want to bring out the age of these, of course, that's your privilege."

[7] This section states:

"No person shall be excluded from giving evidence on any matter, civil or criminal, by reason of crime or for any interests of such person in the matter, suit, or proceeding in question, or in the event of such matter, suit or proceeding, in which such testimony may be offered, or by reason of marital or other relationship to any party thereto; but such interest, relationship, or conviction of crime, may be shown for the purpose of drawing in question the credibility of such witness, except as is hereinafter provided."

[8] This section modifies MCL 600.2159; MSA 27A.2159:

"No person shall be disqualified as a witness in any civil or criminal case or proceeding by reason of his interest in the event of the same as a party or otherwise or by reason of his having been convicted of any crime; but such interest or conviction may be shown for the purpose of affecting his credibility. A defendant in any criminal case or proceeding shall only at his own request be deemed a competent witness, and his neglect to testify shall not create any presumption against him, nor shall the court permit any reference or comment to be made to or upon such neglect."

T. G. KAVANAGH, SWAINSON and WILLIAMS. Writing for the Court, Justice LEVIN stated:

"We are persuaded that a trial judge may in the exercise of discretion exclude reference to a prior conviction record, and that it is error to fail to recognize that he has such discretion and, therefore, to fail or to refuse to exercise it." *People v Jackson, supra,* at 336.

The Court's decision in *Jackson* was an explicit recognition of the principle that a defendant may be impeached by the use of his prior convictions in instances where the court determines that their probative value outweighs their prejudicial effect.[9] See *People v Hendrick,* 398 Mich 410; 247 NW2d 840 (1976),[10] *People v Moore,* 391 Mich 426; 216

---

[9] The Justices in *Jackson* had the opportunity to prohibit the practice of impeachment by evidence of prior convictions but declined to do so even though four found the practice improper. The concurring opinion of Justice SWAINSON, concurred in by Chief Justice T. M. KAVANAGH, stated that:

"In my opinion, the interest of justice and the efficient administration of our judicial system would best be served by declaring prior convictions inadmissible for the purpose of impeaching the credibility of a criminal defendant." *Jackson, supra,* at 343.

The concurring opinion of Justice T. G. KAVANAGH, concurred in by Justice LEVIN, stated:

"We agree that a witness' past conviction record should not be admissible for the purpose of impeaching his credibility.

"We are convinced however that the change should be effected by promulgation of a court rule which would afford the Bench and Bar an opportunity to accommodate to this prospective change in procedure." *Jackson, supra,* at 346-347.

Justice WILLIAMS took a more intermediate view, limiting admissibility to evidence of convictions for dishonesty-type offenses. He stated:

"My Brother LEVIN's opinion is the right word at the right time, and I sign it without qualification.

"Looking ahead with my Brothers T. G. KAVANAGH, SWAINSON and LEVIN, I must agree that with the exception of conviction for perjury or some like crime there is neither logic nor warrant to introduce a defendant's or a witness's past conviction record for the purpose of impeaching his credibility, whatever other reason there may be for such admission." *Jackson, supra,* at 347.

[10] In *Hendrick,* Justice LEVIN stated:

"the credibility of a witness, including the accused when he takes

NW2d 770 (1974).[11] This general principle was modified slightly in *People v Renno,* 392 Mich 45; 219 NW2d 422 (1974), when the Court prohibited the use of municipal ordinance and misdemeanor convictions when introduced by the prosecution solely for impeachment purposes.

The Michigan Supreme Court adopted the Michigan Rules of Evidence on January 5, 1978.[12] MRE 609 concerns impeachment by evidence of conviction of crime and retains the *Jackson* rule and part of *Renno.*[13] MRE 609(a) states:

"(a) *General rule.* For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if

"(1) the crime was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or the crime involved theft, dishonesty or false statement, regardless of the punishment, and

"(2) the court determines that the probative value of admitting this evidence on the issue of credibility outweighs its prejudicial effect." 402 Mich ciii-civ.

This rule on its face requires that if the defendant's prior conviction falls within the category

the stand, may generally be impeached by reference to a prior conviction record". *Hendrick, supra,* at 427 (LEVIN, J., dissenting.).

[11] In *Moore,* the Court stated:

"Additionally, *Jackson* does not require a trial judge to exclude reference to a defendant's conviction record; it only requires that he exercise his discretion before deciding whether to permit reference to a conviction record." *Moore, supra,* at 436.

[12] 402 Mich lxxxviii.

[13] MRE 609(a)(1) limits its applicability to crimes for which the punishment is more than one year; or any crime that involves theft, dishonesty or false statement, regardless of the punishment. It would appear that *Renno's* applicability has been greatly limited by the second half of this standard.

stated in (1) of above, and the court determines that the probative value outweighs its prejudicial effect, then the evidence shall be admitted. We interpret the adoption of MRE 609 to be a reaffirmation by the Supreme Court of its prior position concerning the general admissibility of evidence of convictions for impeachment purposes. While MRE 609 was not in effect at the time of defendant's trial, its requirements essentially reflect Michigan case law prior to its adoption,[14] and we will refer to it when applicable.

When reviewing the decision of the trial court to permit impeachment of a defendant by evidence of his prior convictions, this Court must apply a two-prong test. We must examine the record to ascertain whether the trial court recognized that it had the discretionary power to deny utilization of the prior convictions for impeachment purposes; and if so, determine whether there was an abuse of this discretion when evidence of a defendant's prior convictions was permitted to be introduced into evidence for impeachment purposes.

The first prong of this test was established in *People v Cherry,* 393 Mich 261; 224 NW2d 286 (1974), when the Court stated that:

"In order to comply with *Jackson* the trial court must positively indicate and identify its exercise of discretion." *Cherry, supra,* at 261.

*Cherry* is complied with when it is apparent from the record that the trial court was aware that it had the discretion to disallow the evidence of the prior conviction, and that its decision was based upon an exercise of this discretion. *People v Castillo,* 82 Mich App 476, 482; 266 NW2d 460 (1978),

[14] See Proposed MRE 609, Committee Note, 399 Mich 989-991 (1977).

*People v Pleasant,* 69 Mich App 322, 328; 244 NW2d 464 (1976), *lv den* 399 Mich 831 (1977), *People v Burse,* 62 Mich App 204, 212; 233 NW2d 232 (1975). In the instant case, though much of the discussion took place in chambers, the court's ruling on defendant's motion was placed on the record, thus avoiding the error found in *People v Williams,* 84 Mich App 226; 269 NW2d 535 (1978).[15] In its ruling, the trial court agreed to exclude evidence of one conviction and permitted the use of the others only with certain limitations. The recognition by a trial court that the use of some evidence is to be permitted while the use of other evidence is to be denied is the essence of discretion, *People v Stephens,* 58 Mich App 701, 706; 228 NW2d 527 (1975). The trial court clearly recognized that it had the discretion to permit or deny the use of defendant's prior convictions for impeachment purposes and has exercised this discretion on the record. We are satisfied that the trial court complied with the procedural requirements of *Jackson* and *Cherry.*

The decision concerning the admission of evidence of a conviction for the purpose of impeachment is addressed to the trial court's discretion. Its decision may only be reversed upon a finding that the discretion granted to it was abused. *People v Merritt,* 396 Mich 67, 80; 238 NW2d 31 (1976). The term "abuse of discretion" was defined in *Spalding v Spalding,* 355 Mich 382, 384-385; 94 NW2d 810 (1959), as:

"Where, as here, the exercise of discretion turns upon

---

[15] In *Williams* the motion to suppress defendant's convictions was argued in chambers, but there was no ruling on this motion placed upon the record. This was found to be error, though not reversible in light of the later introduction of the prior convictions by defendant and the overwhelming evidence of guilt.

a factual determination made by the trier of the facts, an abuse of discretion involves far more than a difference in judicial opinion between the trial and appellate courts. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an 'abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias."

The discretion granted the trial court in this instance concerns the weighing of the probative value of evidence of a defendant's prior conviction against the prejudicial effect introduction of such evidence will have. The exercise of this discretion envisions a decision by the trial court based upon its evaluation of the given fact situation, rather than the application of any rigid legal standard, and the *Spalding* standard should be utilized to determine whether its discretion was abused. See *Daniels v Allen Industries, Inc,* 391 Mich 398, 413; 216 NW2d 762 (1974).

There are no hard and fast rules to govern when a trial court should permit the use of evidence of prior convictions for impeachment purposes, except the requirement that the trial court must know the nature and age of the prior convictions. *People v Killebrew,* 61 Mich App 129, 134; 232 NW2d 392, *lv den* 395 Mich 817 (1975). See also *People v Makidon,* 84 Mich App 287, 289; 269 NW2d 568 (1978), *People v Castillo, supra,* at 483. Chief Justice, then Judge, Burger has, however, suggested several guidelines to be utilized by the trial court in the exercise of this discretion. In *Gordon v United States,* 127 US App DC 343; 383 F2d 936 (1967), he stated:

"The rationale of our *Luck [Luck v United States,* 121
US App DC 151; 348 F2d 763 (1965)] opinion is impor-
tant; it recognized that a showing of prior convictions
can have genuine probative value on the issue of credi-
bility, but that because of the potential for prejudice,
the receiving of such convictions as impeachment was
discretionary. The defendant who has a criminal record
may ask the court to weigh the probative value of the
convictions as to the credibility against the degree of
prejudice which the revelation of his past crimes would
cause; and he may ask the court to consider whether it
is more important for the jury to hear his story than to
know about prior convictions in relation to his credibil-
ity. We contemplated the possibility of allowing some
convictions to be shown and some excluded; examples
are to be found in those which are remote and those
which have no direct bearing on veracity, and those
which because of the peculiar circumstances at hand
might better be excluded." *Gordon v United States,
supra,* at 346.

These guidelines as suggested by Justice Burger
have been adopted by our judiciary and form the
cornerstone of a trial court's exercise of discretion.
See *People v Jackson, supra,* at 333, *People v
Farrar, supra,* at 302-303.

The Michigan appellate courts have set forth
several guidelines to the exercise of this discretion.
A factor weighing against admissibility is that the
prior convictions are for the same or similar of-
fenses as the charged offense. *People v Baldwin,*
405 Mich 550; 275 NW2d 253 (1979). The more
similar the prior conviction is to the offense for
which the accused is being tried, the more hesitant
should the trial judge be in allowing its admission.
*People v Cash,* 80 Mich App 623, 626; 264 NW2d
78 (1978), *People v Gunter,* 76 Mich App 483, 491;
257 NW2d 133 (1977), *People v Townsend,* 60 Mich
App 204, 206; 230 NW2d 378 (1975). Additionally,
this Court has noted that the trial court's decision

will not be reversed simply because the prior convictions were remote in time. See *People v Gunter, supra,* at 491, *People v Townsend, supra,* at 206.

After a careful review of the record we are convinced the trial court did not abuse its discretion by ruling that defendant's convictions could be utilized for impeachment purposes. The trial court, after being apprised of the nature and age of defendant's prior convictions, permitted five of the six prior convictions to be used in evidence. These convictions, while for similar type offenses, were not for the identical crime of forgery that defendant was charged with in the instant case. The introduction of all five convictions would undoubtedly have created some prejudice to defendant, but we do not find that it would rise to the magnitude of prejudice that required reversal in *People v Bennett,* 85 Mich App 68, 72; 270 NW2d 709 (1978), where the introduction of evidence of five convictions, two of which were for crimes identical to the crime charged, was found to constitute an abuse of the trial court's discretion.

Nor do we find defendant's two 1958 convictions, which were 18 years old at the time of trial, to be so remote in time as to make it unfair or improper to admit evidence of them. *People v Penn,* 71 Mich App 517, 520; 248 NW2d 602 (1976), *lv den* 400 Mich 813 (1977), stated in dicta that the admission of evidence of two prior felony convictions for impeachment purposes, the latest of which was 18 years old, might constitute error, but we are convinced that this present case is significantly distinguishable. In *Penn* the most recent conviction was 18 years old, while in our instance the three most recent convictions ranged from 4 to 10 years old, and only the fourth and fifth convictions were 18

years old. The fact that these more recent convictions were for dishonesty-type offenses, as were the 1958 convictions, negates the inference that the mere passage of time has made the 1958 convictions less representative of the defendant's willingness and ability to be a truthful person and to tell the truth. New MRE 609(b) absolutely prohibits the introduction for impeachment purposes of evidence of a conviction more than ten years old. However, since this rule was not in effect at the time defendant was tried, evidence of convictions older than ten years could properly be admitted in instances where the trial court found them to be more probative than prejudicial. *United States v Townsend,* 555 F2d 152, 159 (CA 7, 1977).

We note that defendant's 1958 conviction for uttering and publishing was reversed upon appeal and subsequently the case was nol-prossed. The reversal of defendant's conviction, while not tantamount to a finding of innocence,[16] has the effect of making defendant no longer convicted of the crime charged. As such, it is error to permit impeachment of a defendant by evidence of such a conviction. See, 2 Wharton's Criminal Evidence (13th ed), § 475. While such impeachment is error, it is reversible error only when it appears from the record that the admission of evidence of the reversed conviction would have materially influenced the trier of fact in arriving at its verdict. *People v Coffey,* 67 Cal 2d 204; 60 Cal Rptr 457;

---

[16] MRE 609(c) states:

"Evidence of a conviction is not admissible under this rule if * * * (2) the conviction has been the subject of a pardon, annulment, or other equivalent procedure based on a finding of innocence."

From the adoption of this rule it would appear that the Supreme Court was attempting to deny the use of only those convictions whose status has been changed because the verdict was incorrect. A reversal of a conviction on appeal and the remand for a new trial is not a recognition the result was incorrect, but rather that the method utilized was improper.

430 P2d 15 (1967). In this instance, the defendant had three other admissible convictions of a more recent date. The additional prejudice created by evidence of this conviction would have been minimal at best, and does not warrant reversal.

Finally, a fair reading of the trial court's decision in this matter indicates that it would have admitted evidence of the prior convictions primarily because of their bearing on defendant's credibility. While the trial court's decision might not be identical to that which we would have made had we been the trier of fact, it is not so palpably or grossly violative of fact or logic as to constitute an abuse of discretion. Accordingly, we find that the trial court's decision concerning the admissibility of evidence of defendant's prior convictions for impeachment purposes was not error.

II

Defendant's second claim of error is that he was denied a fair trial when the trial court improperly admitted evidence of other bad acts. The prosecutor proposed to use the testimony of Miss Wilhelm to show that immediately prior to the forging of the check for which defendant was on trial, he had forged three other checks and had Miss Wilhelm cash them. Prior to the admission of this testimony, the court excused the jury and listened to Miss Wilhelm's testimony. After hearing her testimony and listening to the arguments of counsel, it determined that the evidence was admissible under the similar acts statute as indicating a common scheme or plan and intending to show the motive or intent of the defendant. In order to minimize the prejudice to defendant, the trial court instructed the jury, before they heard the testimony of Miss Wilhelm, as follows:

"The prosecutor proposes to offer testimony regarding some other events that day which will involve other checks. Testimony of that kind can be received by you for a very limited purpose, and I want to explain it to you and if any of you have any questions, I want you to feel free to just raise your hand so that I can try to answer them.

"The fact that a person may have done something similar at another time cannot be used as evidence to establish that he did that act here. But under our law—I'll read you in part from the statutes. 'Where the defendant's motive, intent, in the absence of a mistake or accident on his part or the defendant's scheme, plan or system in doing an act is material, any like acts or act which may tend to show his motive, intent, the absence of mistake or accident on his part or his scheme, plan or system in doing the act in question may be proved.' In other words, they have a right to show that there may have been other checks that day solely to establish either that he had a scheme or a plan and this was part of it or that he intended to do this, to defraud somebody, that it was not an accident or a mistake on his part, and that's the only reason for which you can hear or consider such testimony."

It is defendant's contention that this ruling was erroneous because intent and scheme were not material and the trial court failed to make the required analysis of prejudice versus probative value.

The general rule in Michigan is that evidence of a defendant's other bad acts is inadmissible because its probative value is outweighed by the likelihood that it will prejudice the jury against the defendant, preventing an objective determination of the disputed facts or issues. *People v Oliphant,* 399 Mich 472; 250 NW2d 443 (1976), *People v DerMartzex,* 390 Mich 410; 213 NW2d 97 (1973), *People v Wilkins,* 82 Mich App 260, 265; 266 NW2d 781 (1978). A statutorily created exception

to this general rule is the similar acts statute, MCL 768.27; MSA 28.1050:

"In any criminal case where the defendant's motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing the act, in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant."

This statute has been interpreted by *Wilkins* as requiring the showing of three things before the similar acts evidence is admissible. There must be substantial evidence that the defendant actually perpetrated the bad act sought to be introduced, the bad act must be probative of the defendant's motive, intent, absence of mistake or design, scheme, plan or system in committing the charged offense, and that the defendant's motive, intent, absence of mistake or accident, scheme, plan or system must be material to the determination of defendant's guilt of the charged offense. *Wilkins, supra,* at 267-268.

In this instance three witnesses, Miss Wilhelm, Patsy Roberts, and Duey Roberts, testified to stops at other stores at which Miss Wilhelm cashed checks allegedly written by defendant. This testimony sufficiently established that defendant actually perpetrated the bad acts in question, since the proof required need only convince the jury of the probability of the defendant's action rather than constitute proof beyond a reasonable doubt. *People v Duncan,* 402 Mich 1, 13-14; 260 NW2d 58 (1977),

*People v Allen,* 351 Mich 535; 88 NW2d 433 (1958). This evidence is also probative of defendant's intent since it shows a continuing operation which culminated in the commission of the offense charged. *People v Nawrocki,* 376 Mich 252, 255; 136 NW2d 922 (1965). We agree with the trial court's decision that defendant's prior conduct shows an absence of mistake or accident on his part and is probative of defendant's intent when he wrote the check in question.

An intent to defraud is the gist of forgery, *Leslie v Kennedy,* 249 Mich 553, 556; 229 NW 469 (1930), *People v Long,* 27 Mich App 385; 183 NW2d 641 (1970), and is therefore an essential element of the crime. See also CJI 28:1:01. Since the evidence of defendant's other prior bad acts is probative of his intent and intent is an essential element of the charged crime of forgery, we conclude that the evidence meets the materiality test. Also, because the prosecution must prove intent, it may introduce this evidence in its case in chief. *People v Wilkins, supra,* at 269-270.

We find that the evidence of defendant's prior bad acts has met the test stated in *Wilkins* and the presumption against admissibility has been overcome. However, merely because the evidence is admissible does not require the trial court to admit it. The trial court may only admit the evidence of prior bad acts if it finds that the evidence is more probative than prejudicial. An examination of the record indicates that the trial judge carefully considered this matter, and instructed the jury prior to the introduction of the evidence on permissible uses of the testimony in order to minimize any prejudice. The determination of whether the probative value of the similar acts testimony is substantially outweighed by prej-

udicial effect is within the sound discretion of the trial judge. *People v DerMartzex, supra,* at 415. We find that the trial judge did not abuse his discretion in this instance. See *People v Duncan, supra,* at 14-15.

### III

Defendant's third claim is that the trial court committed reversible error by failing to give *sua sponte* a cautionary instruction regarding an accomplice's testimony. In *People v McCoy,* 392 Mich 231, 240; 220 NW2d 456 (1974), the Court stated:

"[I]f the issue is closely drawn, it may be reversible error to fail to give such a cautionary instruction even in the absence of a request to charge."

In this instance there was no request to charge and for error to occur we must find that the issue was closely drawn. In *People v Gordon Hall,* 77 Mich App 528; 258 NW2d 547 (1977), this Court held that when a single accomplice testifies that a defendant did the act charged, and the defendant denies any participation in the crime, then the issue is closely drawn because the trial becomes a credibility battle between the testifying accomplice and the defendant. In our instance, however, it is not the defendant's word against a single testifying accomplice, but rather his word against the testimony of two accomplices and two nonaccomplices. After reviewing the record we find that the issue is not so closely drawn as to require the trial court to give *sua sponte* a cautionary instruction regarding accomplice testimony. Additionally we note that the jury instruction given by the court regarding the credibility of witnesses and the

weight to be given to their testimony was fair and balanced and adequately protected defendant's interest.[17]

We find defendant's remaining claims of error to be without merit. Defendant's contention that an exhibit containing Nancy Roberts' signature, marked as defendant's Exhibit D but not admitted into evidence, was given to the jury during deliberations, is without substance. The lower court record contains only the prosecution's Exhibits 1-4 and defendant's Exhibit E. We are unable to agree with defendant's contention that because he is unable to find his missing Exhibit D we must presume that it was submitted to the jury. Nor do we find that defendant is entitled to be resentenced. There is no requirement that a defendant be present during an in-chambers discussion with counsel regarding the trial court's sentence, and in the absence of a recorded request by defendant to examine the presentence report, there is no requirement that the defendant be afforded an opportunity to read the presentence report. *People v Moore*, 60 Mich App 1; 230 NW2d 281 (1975). The record in this instance reflects no such request.

Affirmed.

---

[17] The trial transcript reflects the following instruction:

"Now, you are the sole judges of the credibility of the witnesses and the weight which should be given their testimony. In weighing the testimony of witnesses, you have the right to consider their candor and fairness, their manner and bearing while testifying before you, the reasonableness of their story, their means and opportunity of knowing the facts about which they testify, the consistency of their testimony with other known facts in the case. You may take into consideration their interest, bias or prejudice, if any, their relationship to the parties in the case, if any, the probability or improbability of the story related by them, and you may consider all other facts and circumstances in evidence which in your judgment would add to or detract from their credibility or the weight to be given their testimony. If there is a conflict in the testimony of certain witnesses, it is your duty to say where the truth lies. You are not bound to accept as true the statements of a witness where they are unreasonable or inconsistent with each other or with the known facts in the case."

R. B. BURNS, J., concurred.

M. J. KELLY, J. *(concurring).* I concur only in the result.

I would hold that the lower court erred in allowing admission of evidence of defendant's five prior convictions for purposes of impeachment. Apart from the fact that two of these prior convictions were 18 years old and one of them had been reversed on appeal and the case was subsequently nol-prossed, I think the prejudicial impact of the evidence of these five prior convictions far outweighed any probative value it might have had on the issue of defendant's credibility.

This question of admissibility, in my opinion, is controlled by the recent Supreme Court decision in *People v Baldwin,* 405 Mich 550; 275 NW2d 253 (1979), where it was held that, when the prior conviction is for the same or substantially the same conduct for which defendant is on trial, good reasons exist for excluding evidence of the prior conviction. In *Baldwin,* the trial court permitted the defendant, in a prosecution for assault with intent to go great bodily harm less than murder, to be impeached with evidence of his prior convictions of felonious assault and attempted robbery. In *People v Woolfolk,* a case consolidated on appeal with *Baldwin,* the trial court admitted evidence of defendant's prior conviction of unarmed robbery for purposes of impeachment, in a prosecution on the charge of armed robbery. In both cases, the trial court reasoned that the similarity of the prior conduct to the charged offense was a factor favoring admissibility.

In reversing, the Court ruled that similarity between prior convictions and the charged offense is a factor weighing against admissibility and

quoted, with approval, the following language from *United States v Gordon,* 127 US App DC 343, 347; 383 F2d 936 (1967):

"A special and even more difficult problem arises when the prior conviction is for the same or substantially the same conduct for which the accused is on trial. Where multiple convictions of various kinds can be shown, strong reasons arise for excluding those which are for the same crime because of the inevitable pressure on lay jurors to believe that 'if he did it before he probably did so this time.' As a general guide, those convictions which are for the same crime should be admitted sparingly; one solution might well be that discretion be exercised to limit the impeachment by way of a similar crime to a single conviction and then only when the circumstances indicate strong reasons for disclosure, and where the conviction directly relates to veracity." *People v Baldwin, supra,* at 553.

The majority, although conceding the prejudicial nature of the evidence of these five prior convictions, finds no abuse of discretion in its admission because "these convictions, while for similar type offenses, were not for the identical crime of forgery [with which] defendant was charged". I think that conclusion misapprehends the analysis in *Baldwin.* *Baldwin* applies to prior convictions for "the same or substantially the same conduct". Identity is not required.

In this case, the admission of evidence of these prior convictions and its use as impeaching evidence was, in all likelihood, the primary consideration in defendant's decision not to take the stand. And rightly so, for, rather than an "inevitable pressure", and recitation of this litany of prior, highly-similar offenses could, very possibly, have had a compelling effect on the jury.

In the context of this case, however, I would not

find that the decision to admit evidence of these prior convictions constituted reversible error, for the people presented overwhelming evidence that defendant had forged the check. In a less clear-cut case where the decision to admit such evidence could have a decisive impact, I would find that the admission of evidence of five prior convictions for highly-similar offenses would constitute reversible error.