## PEOPLE v PARKER

Docket No. 78-4174. Submitted December 11, 1979, at Detroit.—Decided March 5, 1980.

Defendant, Gregory D. Parker, was convicted of first-degree criminal sexual conduct and armed robbery in the Recorder's Court of Detroit, Samuel C. Gardner, J. Defendant appeals, alleging error in the court's allowing evidence of a prior conviction for assault with intent to rob while armed to be used to impeach him in the event he testified. *Held:*

The Court of Appeals, when reviewing a decision of a trial court to admit evidence of a witness's prior convictions for purposes of impeachment, must determine whether the trial court recognized that it had the discretion to deny admission of the evidence and, if so, whether admission of the evidence would be an abuse of that discretion. A trial court did not abuse its discretion in allowing impeachment of a defendant by the use of evidence of a prior conviction where the conviction was for a crime similar to the one charged, defense counsel agreed to its admission in the event defendant testified, and defendant did testify and made only one reference to his prior conviction on direct examination.

Affirmed.

1. CRIMINAL LAW — EVIDENCE — WITNESSES — PRIOR CONVICTIONS — IMPEACHMENT — RULES OF EVIDENCE.

Evidence that a witness has previously been convicted of a crime may, in the discretion of the trial court, be admitted for the purpose of impeaching the witness where the conviction was for a felony and where the trial court determines that the probative value of the evidence outweighs its prejudicial effect (MRE 609[a]).

REFERENCES FOR POINTS IN HEADNOTES

[1] Permissibility of impeaching credibility of witness by showing former conviction, as affected by pendency of appeal from conviction or motion for new trial. 16 ALR3d 726.

[2, 3] 5 Am Jur 2d, Appeal and Error § 772 *et seq.*

81 Am Jur 2d, Witnesses § 569.

2. APPEAL AND ERROR — CRIMINAL LAW — EVIDENCE — WITNESSES —
   PRIOR CONVICTIONS — JUDICIAL DISCRETION.

   The Court of Appeals, when reviewing the decision of a trial
   court to admit evidence of a witness's prior convictions for
   purposes of impeachment, must determine whether the trial
   court recognized that it had the discretion to deny admission of
   the evidence and, if so, whether admission of the evidence
   would be an abuse of that discretion.

3. APPEAL AND ERROR — CRIMINAL LAW — EVIDENCE — WITNESSES —
   PRIOR CONVICTIONS — JUDICIAL DISCRETION.

   A trial court did not abuse its discretion in allowing impeach-
   ment of a defendant by the use of evidence of a prior conviction
   where the conviction was for a crime similar to the one
   charged, defense counsel agreed to its admission in the event
   defendant testified, and defendant did testify and made only
   one reference to his prior conviction on direct examination.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender Office (by *Daniel J. Wright* and *Mardi Crawford),* for defendant on appeal.

Before: M. J. KELLY, P.J., and M. F. CAVANAGH and P. C. ELLIOTT,* JJ.

PER CURIAM. Defendant was charged with, and convicted of, first-degree criminal sexual conduct, MCL 750.520b(1); MSA 28.788(2)(1), and armed robbery, MCL 750.529; MSA 28.797. He claims this appeal by right.

We have reviewed the record and conclude that only one of the five issues raised by defendant need be addressed. That is, whether or not the trial court erred reversibly in permitting evidence

---

* Circuit judge, sitting on the Court of Appeals by assignment.

of defendant's prior conviction of assault with intent to rob while being armed to be used for purposes of impeachment. We find that it did not.

The complaining witness testified that defendant sprayed something in her face as she exited from her car, told her that he would stab her with a knife if she were not quiet, took $12 from her wallet, then had her drive them to a secluded spot where he raped her after a struggle. Defendant denied having taken any money and testified that the complainant consented to intercourse. Defendant's wallet was recovered from the complainant's car, and he was arrested at his boarding house that same night with $12 and a nail file found in the clothes he was reportedly wearing.

Following the prescribed test for review of the present issue, we note that the trial court recognized its discretion in this matter on the record. *People v Worden,* 91 Mich App 666, 674; 284 NW2d 159 (1979). The evidence admitted was a 1971 conviction for assault with intent to rob while being armed to which defendant plead guilty. While that offense was similar to one of the crimes for which defendant was being tried, it was not identical, and any resultant prejudice does not approach the level noted in *People v Worden, supra,* 678. An impressive factor in our review is that defense counsel agreed to the admission of evidence of defendant's prior conviction if defendant chose to testify. Defendant did testify at trial and made only one reference to his conviction on direct examination. Thus, it appears that there was no problem with defendant's foregoing the act of testifying due to fear of impeachment, nor was there any alternative means of impeaching him under the given circumstances. *People v Jones,* 92 Mich App 100, 110-111; 284 NW2d 501 (1979).

Consideration of all of these factors convinces us that the trial court did not abuse its discretion in this matter.

Affirmed.

P. C. ELLIOTT, J. concurs in the result only.