PEOPLE v TOWNSEND

1. CRIMINAL LAW—EVIDENCE—SUPPRESSION OF EVIDENCE—PRIOR CRIMINAL RECORD—DISCRETION.

The decision as to whether evidence of a defendant's prior criminal record introduced for impeachment purposes should be suppressed rests in the sound discretion of the trial judge.

2. CRIMINAL LAW—EVIDENCE—SUPPRESSION OF EVIDENCE—PRIOR CRIMINAL RECORD.

A court did not abuse its discretion in refusing to suppress a defendant's prior criminal record introduced for impeachment purposes where the convictions were for offenses not violent or assaultive in nature, were not remote in time, and did reflect on defendant's honesty; the fact that the offenses were similar to the one for which defendant was on trial, does not require their exclusion.

3. CRIMINAL LAW—CONSTITUTIONAL LAW—RIGHT TO COUNSEL—CUSTODY—PHOTOGRAPHS—WITNESSES—IDENTIFICATION.

A suspect not in custody has no right to counsel at a showing of photographs to a witness by the complainant in the case at the request of the police.

4. CRIMINAL LAW—CONSTITUTIONAL LAW—DUE PROCESS—WITNESSES —PHOTOGRAPHS—EVIDENCE—IDENTIFICATION.

A procedure by which a witness was shown photographs of a defendant by a complainant was not so unnecessarily suggestive as to give rise to a very substantial likelihood of irreparable misidentification and therefore did not serve to deny the defendant due process of law, where the defendant was tried for breaking and entering the complainant's house and the witness had previously seen the defendant when he stayed at the complainant's house, had a good opportunity to view the intruder on the night in question, and, on the night the crime

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 225.
[2] 29 Am Jur 2d, Evidence § 327.
[3, 4] 21 Am Jur 2d, Criminal Law §§ 368, 369.

occurred, recognized the intruder as one who had previously stayed at complainant's house and so informed complainant.

Appeal from Wayne, Michael L. Stacey, J. Submitted Division 1 February 13, 1975, at Detroit. (Docket No. 19316.) Decided April 7, 1975.

Robert Townsend was convicted of breaking and entering an occupied dwelling. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, *Patricia J. Boyle,* Principal Attorney Research, Training and Appeals, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Keller, Cohn & Svenson,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and D. E. HOLBROOK, Jr. and O'HARA,* JJ.

V. J. BRENNAN, P. J. Defendant, Robert Townsend, was convicted by a jury in Wayne County Circuit Court of breaking and entering an occupied dwelling house in violation of MCLA 750.110; MSA 28.305. He was sentenced to from 10 to 15 years in prison and now appeals. We affirm.

Defendant first contends that his conviction must be reversed because the trial judge abused his discretion in refusing to suppress defendant's prior criminal record. See *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974). We disagree. Prior to trial defendant sought to prevent the prosecutor

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

from using his prior criminal record for impeachment by filing a motion to suppress. A hearing was held wherein both parties agreed that the decision to suppress this evidence rested in the sound discretion of the trial judge, but then presented competing factors for the trial judge's consideration. Defendant's attorney argued that since two of the crimes were of the same kind as that for which defendant was presently being tried, any probative value they may have was outweighed by their prejudicial effect. The prosecutor, on the other hand, seeking to use only defendant's felony convictions for impeachment purposes, argued that the evidence of defendant's prior convictions was relevant, not remote in time and, therefore, admissible despite their similarity to the present offense. The trial judge, after listening to the arguments, denied defendant's motion. After reviewing the record we find ourselves unable to say that the trial judge abused his discretion. The convictions, which were ultimately introduced into evidence by defendant's own attorney after defendant took the stand to testify, were not for offenses violent or assaultive in nature, were not remote in time, and did reflect on defendant's honesty. While it is true the offenses were similar to the one for which defendant was on trial, this alone does not *require* their exclusion. We find no error.

Defendant next contends that his conviction must be reversed because the trial judge erred in not granting his pretrial motion to suppress evidence of allegedly improper and prejudicial photographic identifications. In support of his claim in this regard, defendant first argues that he was denied his right to an attorney when certain photographs, at the request of the police, were shown to a witness by the complainant at a time when

defendant was not provided the opportunity to have counsel present. Defendant, arguing that at the time the photographs were shown the police investigation had focused on him, maintains he was entitled to have counsel present when the photographs were shown to the witness. We disagree. This same claim was recently considered by our Supreme Court in the case of *People v Lee,* 391 Mich 618; 218 NW2d 655 (1974), and decided adversely to the position espoused by defendant herein. On the basis of *Lee,* therefore, we find no merit to defendant's claims in this regard.

Defendant next claims that the procedure by which the witness was shown the photographs was so suggestive as to prejudicially taint the identification process. We disagree. Judging this claim in light of the totality of the surrounding circumstances, *Simmons v United States,* 390 US 377, 384; 88 S Ct 967, 971; 19 L Ed 2d 1247, 1253(1968), we find ourselves unable to say that the procedure was so unnecessarily suggestive "as to give rise to a very substantial likelihood of irreparable misidentification". *Simmons, supra.* The witness had previously seen the defendant when he stayed at the complainant's house, had a good opportunity to view the intruder on the night in question and, on the night the crime here occurred, recognized the intruder as one who had previously stayed at complainant's house and so informed the complainant. Under these circumstances we hold that the identification procedures here employed did not serve to deny defendant due process of law.

Lastly, we have considered defendant's remaining assignment of error and find it to be without merit.

Affirmed.