PEOPLE v BENNETT

Docket No. 77-935. Submitted March 14, 1978, at Lansing.—Decided
August 7, 1978. Leave to appeal applied for.

Isaac Bennett was convicted by a jury of larceny from a motor
vehicle, and, on his plea of guilty, of being an habitual offender,
fourth offense, Ingham Circuit Court, Jack W. Warren, J. The
defendant appeals, contending that the trial judge abused his
discretion by allowing the prosecutor to impeach the defendant
through the use of the defendant's two 1975 convictions for
larceny from a motor vehicle. *Held:*

It was an abuse of discretion for the trial judge to allow the
impeachment of the defendant with the use of the two prior
convictions in 1975 for larceny from a motor vehicle. The
prosecution had already referred to three other prior convic-
tions to impeach the defendant's credibility and the reference
to the two prior convictions for the offense identical to the
charged offense tended only to prejudice the jury regarding the
defendant's guilt of the crime charged. This prejudice was not
harmless error.

Reversed and remanded.

Bashara, P. J., dissented. He would hold that the trial judge
properly exercised his discretion.

OPINION OF THE COURT

1. Criminal law—Evidence—Impeachment of Defendant—Prior
   Convictions—Discretion.
   A trial judge, in his discretion, may admit evidence of a criminal
   defendant's prior convictions when the defendant testifies in his
   own behalf; however, the discretion of the trial judge is not
   unlimited, and any ruling that the trial judge makes is not
   automatically correct simply because he has stated on the
   record that he is exercising his discretion.

2. Criminal Law—Evidence—Impeachment of Defendant—Prior
   Convictions—Identical Crimes.
   Introduction of a defendant's prior convictions for the same crime

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 30 Am Jur 2d, Evidence § 327.

as the crime for which he is charged, as impeachment evidence, does not necessarily require reversal; however where the admission of evidence of prior convictions of two identical crimes is viewed cumulatively with three other nonidentical prior convictions, which were more than sufficient to impeach the defendant, the admission of evidence of the defendant's prior convictions for the same crime as the one with which he was charged tipped the scales so that the prejudicial effect on the defendant outweighed any probative relevance and reversal is required.

DISSENT BY BASHARA, P. J.

3. CRIMINAL LAW—EVIDENCE—IMPEACHMENT OF DEFENDANT—PRIOR CONVICTIONS—DISCRETION.

*A trial judge has the discretion to admit evidence of a criminal defendant's prior convictions when the defendant testifies in his own behalf; the Court of Appeals should not find that a trial judge abused this discretion where a trial judge properly recognized and used his discretion and in so doing allowed the prosecution to allow evidence of five prior convictions rather than three.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, and *Michael G. Woodworth,* Chief Appellate Attorney, for the people.

*Charles A. Palmer,* for defendant on appeal.

Before: BASHARA, P. J., and M. J. KELLY and ALLEN, JJ.

M. J. KELLY, J. Defendant was convicted on December 16, 1976, of larceny from a motor vehicle, MCL 750.356a; MSA 28.588(1), by an Ingham County Circuit Court jury. Immediately following the jury's verdict, defendant pled guilty to an information charging him with being an habitual offender, fourth offense, MCL 769.13; MSA 28.1085. On January 14, 1977, the trial court sentenced defendant to 2-1/2 to 10 years imprisonment. He

appeals of right raising three issues, one of which is dispositive.

Defendant argues that the trial judge abused his discretion by allowing the prosecutor to impeach the defendant through the use of defendant's two 1975 convictions for larceny from a motor vehicle. He asserts that since these offenses were identical to the charged crime the jury could not help but be prejudiced. Three other 1975 felony convictions of the defendant were available for impeachment, and were crimes bearing more directly upon his credibility: two convictions for receiving or concealing stolen property over the value of $100, and one conviction for attempted forgery.

In exercising his discretion, the trial judge expressly revealed on the record his understanding of the law, and delineated its application to the facts before him, stating:

"THE COURT: Well, the Court recognizes clearly its responsibility to pass upon the matter of what previous offenses—more correctly, what previous convictions may be inquired into by the Prosecuting Attorney when the Defendant takes the witness stand. This Court further recognizes that previous cases have set forth certain standards that a Court should consider in passing upon this matter. In US versus Mahone, 537 Federal Second 922, a 1976 case, the Court there indicated some five criteria and made reference to Winston on Evidence.

The criteria set forth in the Mahone case are these: One, the impeachment value of the prior crime. Two, the point in time of the conviction and the witness's subsequent history. Three, the similarity between the past crime and the charged crime. The importance of the Defendant's testimony. And, finally, the centrality of the credibility issue.

In an article in the Wayne Law Review, Volume 21, page 470, the author, James K. Robinson, discusses the matter of the use of prior convictions. I make mention

of that only because the Court has considered and reviewed it before passing upon this subject. In People versus Townsend, [60 Mich App 204; 230 NW2d 378 (1975)] I don't know whether Mr. Edwards hit this or touched upon this case, a Court of Appeals decision April 7, 1975. The Court there said the fact that prior criminal convictions which the Prosecutor seeks to use to impeach a Defendant's credibility are similar to the offense for which the Defendant is on trial does not require their exclusion. In our case the convictions relied upon by the Prosecutor are in close proximity of time with the case at hand. This lends or tends to cause the Court to lean towards admissibility.

It's to be observed that two of these offenses are for larceny from an auto. Two are receiving and concealing over a hundred, and the final one is for attempted forgery. All deal with or are concerned with dishonesty. Mention of this is for the purpose of attacking credibility, believability, the honesty of the Defendant, if you please, at least in part.

Having all of this in mind, this Court does exercise its discretion and will permit inquiry into these five offenses. It's to be observed that the Prosecuting Attorney is not attempting to utilize offenses ancient in time, far removed or offenses not indicative of dishonesty."

The trial judge, in his discretion, may admit evidence of defendant's prior convictions when the defendant testifies in his own behalf. *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974), MCL 600.2159; MSA 27A.2159. The trial judge reflected on the record that he was using his discretion when he ruled in favor of allowing all five of defendant's 1975 convictions into evidence. See *People v Cherry,* 393 Mich 261; 224 NW2d 286 (1974). This Court has been reluctant to disturb such a discretionary ruling. See *e.g. People v Gunter,* 76 Mich App 483, 490–491; 257 NW2d 133 (1977).

We observe that the discretion of the trial judge

is not unlimited, and any ruling that the trial judge makes is not automatically correct simply because he has stated on the record that he is exercising his discretion.

Upon a review of the instant facts we hold that the trial judge abused his discretion. Theoretically, he allowed the two prior convictions of larceny from a motor vehicle solely for the purpose of impeaching the credibility of the defendant. The reference to the three other convictions, however, more than adequately served the purpose of impeaching defendant's credibility. The question becomes: How many convictions are allowable to support an impeachment purpose? We hold that the trial judge erred when he allowed the prosecutor to impeach defendant using defendant's past convictions for the identical crime for which he was charged. We note that reference to identical crimes does not necessarily require reversal, but when viewed cumulatively with the three other nonidentical convictions which are more than sufficient to impeach defendant, reversal is required. *Cf. People v Townsend,* 60 Mich App 204, 206; 230 NW2d 378 (1975), *People v Gunter, supra,* at 491. The admission of defendant's prior convictions for the same crime as the one he was charged with tipped the scales so that the prejudicial effect on the defendant outweighed any probative relevance. *Cf. People v Stephens,* 58 Mich App 701, 706; 228 NW2d 527 (1975).

The jury was informed that the defendant had been convicted twice in the past of crimes identical to the one on trial. We cannot say that the jury would not believe that defendant was more likely to commit this crime again because of his past conduct. The prejudice is not harmless. See *People v Killebrew,* 61 Mich App 129, 132; 232 NW2d 329

(1975), *People v Florida,* 61 Mich App 653, 666–667; 233 NW2d 127(1975). See also *People v Jackson, supra,* at 333.

We hold that the trial judge went beyond the proper scope of admitting evidence to impeach the defendant, and allowed testimony which tended only to prejudice the jury regarding defendant's guilt of the crime charged.

Defendant's other claimed errors require no discussion.

Reversed for a new trial.

ALLEN, J., concurred.

BASHARA, P. J. *(dissenting).* I respectfully dissent. When the trial judge elected to allow all of defendant's prior felony convictions into evidence, he used that discretion which our Supreme Court has so forcefully advised must be implemented. *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974), *People v Cherry,* 393 Mich 261; 224 NW2d 286 (1974).

The majority correctly finds that we have been reluctant to disturb such a ruling. The Supreme Court or the Legislature has not proscribed the use of felony convictions for impeachment purposes. Until that time, I am loathe to say that when a trial judge allows five prior felony convictions into the record rather than three, he is abusing his discretion.

I would affirm the conviction.