PEOPLE v WAKEFORD

Docket No. 78-1129. Submitted October 12, 1979, at Detroit.—Decided December 6, 1979.

Patrick E. Wakeford was convicted of two counts of robbery armed and one count of felony-firearm, Wayne Circuit Court, Joseph B. Sullivan, J. Defendant appeals. On appeal defendant contends that the trial court erred in denying his motion to suppress evidence of previous felony convictions if he testified. *Held:*

The trial judge recognized his right to exercise discretion with respect to defendant's motion, and appeared to exercise the same, by precluding reference to an attempted breaking and entering conviction and another armed robbery while he would have allowed impeachment testimony on a 1973 unarmed robbery and a 1974 assault with intent to rob. There is no affirmative indication of error by the judge in the application of relevant principles such as the nature of the prior offense and the effect such testimony would have on defendant's decision to testify. Furthermore, even if the trial judge's ruling, which permitted cross-examination of defendant, was considered error, it would be harmless in view of the overwhelming evidence of defendant's guilt.

Affirmed.

CRIMINAL LAW — EVIDENCE — IMPEACHMENT — PRIOR CONVICTIONS — ADMISSIBILITY OF EVIDENCE — DISCRETION — EXERCISE OF DISCRETION.

A trial judge has discretion to deny a defendant's motion to suppress evidence of previous felony convictions should he choose to testify; among the factors to be considered are the nature of the prior offense, whether it is for substantially the same conduct for which the accused is on trial, and the effect on the decisional process if the accused does not testify from fear of impeachment by prior convictions; no reversible error has been committed where the record shows that the judge exercised his discretion with respect to defendant's motion and

REFERENCE FOR POINTS IN HEADNOTE

29 Am Jur 2d, Evidence § 320 *et seq.*

there is no affirmative indication of error in the application of relevant principles.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy Scallen,* Assistant Prosecuting Attorney, for the people.

*Dennis W. Cleary,* for defendant.

Before: ALLEN, P.J., and BASHARA and BEASLEY, JJ.

PER CURIAM. Defendant, Patrick E. Wakeford, was charged jointly with codefendant, Robert Ammons, of two counts of robbery armed and one count of felony-firearm. This appeal deals only with defendant Wakeford. Defendant was convicted by a jury as charged. After being sentenced to not less than 40 years nor more than 60 years in prison on the armed robbery counts, and two years on the felony-firearm count, he appeals as of right.

On appeal, defendant argues that the trial court erred in denying his motion to suppress evidence of previous felony convictions if he testified. He bases this claim on the fact that two previous felonies, one for unarmed robbery in 1973, and the other for assault with intent to rob in 1974, which the prosecution would have been permitted to use to attack his credibility, were for assaultive crimes generally similar to that charged here. The transcript indicates defendant, although only 22 at the time of this offense, had been convicted of three previous felonies. The trial judge recognized his right to exercise discretion with respect to defendant's motion, and appeared to exercise the same,

precluding reference to an attempted breaking and entering conviction, or to another robbery armed. While the trial judge's ruling, with regard to the motion, is in some respects confusing, we do not find the affirmative indication of error in application of the relevant principles which led to reversal in *People v Baldwin*.[1] We do not find any indication that the trial court affirmatively misapplied the factors delineated in *People v Crawford*.[2] Furthermore, even if the trial judge's ruling permitting cross-examination of defendant (if he chose to testify) regarding these two previous felony convictions were deemed error, we would find that such error was harmless in this case in view of the overwhelming evidence of defendant's guilt.

Defendant's other claims of error on appeal are similarly without merit.

Affirmed.

---

[1] 405 Mich 550; 275 NW2d 253 (1979). See, *People v Roberson,* 90 Mich App 196; 282 NW2d 280 (1979).

[2] 83 Mich App 35, 39; 268 NW2d 275 (1978).