PEOPLE v GARY JOHNSON

Docket No. 43994. Submitted April 23, 1980, at Detroit.—Decided April 9, 1981.

Gary Johnson was convicted by a jury in Detroit Recorder's Court of breaking and entering an occupied dwelling with intent to commit criminal sexual conduct and of criminal sexual conduct in the third degree. He was sentenced to concurrent prison terms of 10 to 15 years, Joseph A. Gillis, J. Defendant moved, prior to trial, to exclude reference to his prior convictions should he testify in his own behalf. The motion was summarily denied, the court stating only that it recognized that it had discretion over whether the evidence would be admitted. No mention was made of the nature, age, or extent of defendant's prior convictions, the trial court did not indicate the basis for the exercise of its discretion and the prosecution offered no argument on the motion. As a result of the denial of the motion, defendant did not testify in his own defense. Following conviction, defendant brought a motion for a new trial. The motion was heard and denied immediately after defendant was sentenced. Defendant appeals. *Held:*

The trial court committed reversible error by denying defendant's original motion to exclude reference to his prior convictions. The trial court must weigh three factors in reaching a decision on the admissibility of evidence of prior convictions. The record of the hearing on the motion to exclude reveals no discussion of the three criteria and a review of the trial record leads to the conclusion that the trial court was unaware of the specifics of the defendant's prior record. A trial court cannot adequately exercise its discretion in accordance with the re-

---

REFERENCES FOR POINTS IN HEADNOTES

[1-4, 7] 20 Am Jur 2d, Courts § 69.
  29 Am Jur 2d, Evidence § 320 *et seq.*
[5] 29 Am Jur 2d, Evidence § 327.
[6] 50 Am Jur 2d, Lewdness, Indecency, and Obscenity § 2.
[8, 9] 20 Am Jur 2d, Courts § 69.
[9] 4 Am Jur 2d, Appeal and Error §§ 18, 774.
[10, 11] 21 Am Jur 2d, Criminal Law § 19.
  29 Am Jur 2d, Evidence § 327.

quirements for admissibility of evidence of prior convictions when it is unaware of what prior convictions the defendant has. Although these errors were corrected somewhat in the hearing on defendant's motion for a new trial, the trial court abused its discretion in failing to agree to exclude evidence of defendant's gross indecency conviction and in refusing to grant a new trial.

Reversed and remanded.

V. J. BRENNAN, P.J., dissented. He would affirm the trial court's decision on the grounds that the trial court did nothing so palpably or grossly violative of fact or logic as to constitute an abuse of discretion. In his opinion, the majority misapplied the standard of review for reversal of a trial court decision based upon abuse of discretion and substituted its judgment for that of the trial court on the basis of a difference in judicial opinion.

### OPINION OF THE COURT

1. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS — DISCRETION.

   The decision to admit evidence of prior convictions rests in the sound discretion of the trial court.

2. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS — DISCRETION.

   A trial court must recognize on the record that it has the discretion to rule on the admissibility of evidence of prior convictions.

3. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS — ADMISSIBILITY OF EVIDENCE — DISCRETION — RULES OF EVIDENCE.

   Evidence of prior convictions may be admitted against a defendant in a criminal prosecution if, in the exercise of its discretion, the trial court finds that the probative value of admitting the evidence on the issue of credibility outweighs its prejudicial effect and articulates on the record the factors considered in making the determination (MRE 609[a][2]).

4. CRIMINAL LAW — EVIDENCE — ADMISSIBILITY OF EVIDENCE — IMPEACHMENT — PRIOR CONVICTIONS — ABUSE OF DISCRETION.

   The factors a trial court must weigh in deciding whether or not to allow impeachment of a defendant in a criminal case by evidence of prior convictions are: 1) the nature of the prior offense (did it involve an offense which directly bears on credibility, such as perjury?); 2) whether it is for substantially the same conduct for which the defendant is on trial (are the offenses so closely related that the danger that the jury will consider the defendant a "bad man" or assume that because he

was previously convicted he likely committed this crime, and therefore create prejudice which outweighs the probative value on the issue of credibility?); and 3) the effect on the decisional process if the accused does not testify out of fear of impeachment by prior convictions (are there alternative means of presenting a defense which would not require the defendant's testimony, *i.e.*, can his side of the story be presented, or are there alternative, less prejudicial means of impeaching the defendant?).

5. CRIMINAL LAW — EVIDENCE — IMPEACHMENT — PRIOR CONVICTIONS.

   The prosecution has the burden of justifying the need for impeachment of a criminal defendant by evidence of prior convictions.

6. CRIMINAL LAW — OFFENSES — GROSS INDECENCY — CRIMINAL SEXUAL CONDUCT.

   Gross indecency is a crime which is similar to criminal sexual conduct in the third degree in that both involve sexual misconduct.

7. CRIMINAL LAW — EVIDENCE — SIMILAR CONVICTIONS — IMPEACHMENT.

   Evidence of similar convictions should be admitted only with the utmost caution because there is a danger inherent in admitting such evidence that the jury may use the evidence for more than its proper purpose of impeachment and may convict the defendant as a bad person or infer that, because he had engaged in criminal misconduct in the past, it is likely he committed the crime charged.

DISSENT BY V. J. BRENNAN, P.J.

8. APPEAL — DISCRETION OF COURT.

   *An abuse of discretion by a court involves far more than a difference in judicial opinion between the trial and appellate courts, where the exercise of discretion turns upon a factual determination made by the trier of facts, since the term "discretion" involves the idea of choice, of an exercise of the will, of a determination made between competing considerations.*

9. APPEAL — ABUSE OF DISCRETION.

   *An abuse of discretion by a trial court in making a determination of fact requires the reviewing court to find that the result is so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise*

*of judgment but defiance thereof, not the exercise of reason but rather of passion or bias.*

10. CRIMINAL LAW — EVIDENCE — IMPEACHMENT — MISDEMEANOR CONVICTIONS.

*Evidence of misdemeanor convictions is admissible for purposes of impeachment only if they involve crimes of theft, dishonesty or false statements.*

11. CRIMINAL LAW — EVIDENCE — IMPEACHMENT — FELONY CONVICTIONS.

*Evidence of felonies which clearly involve moral turpitude has probative value as to a defendant's veracity, therefore, impeachment by evidence of prior felony convictions need not be limited to crimes directly related to credibility, viz.: fraud, embezzlement, perjury, false pretenses.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Gary R. Dettloff,* Assistant Prosecuting Attorney, for the people.

*Angela R. Sims,* for defendant on appeal.

Before: V. J. BRENNAN, P.J., and BRONSON and H. E. DEMING,* JJ.

PER CURIAM. Defendant was convicted, after a jury trial, of breaking and entering an occupied dwelling with the intent to commit criminal sexual conduct, MCL 750.110; MSA 28.305, and of criminal sexual conduct in the third degree, MCL 750.520d(1); MSA 28.788(4)(1). He was sentenced to serve concurrent prison terms of 10 to 15 years. His motion for a new trial was denied by the trial court on the day of sentencing and defendant now appeals by right.

Defendant raises 11 claims of error in this appeal and we find that one requires reversal. Prior

---

* Circuit judge, sitting on the Court of Appeals by assignment.

to trial, defendant moved *in limine* to exclude reference to his prior convictions should he testify in his own behalf. The record reveals that the motion was summarily denied. When pressed for the basis of the ruling, the trial court stated only that it recognized that it had discretion over whether the evidence would be admitted. No mention was ever made of the nature, age, or extent of defendant's prior convictions nor did the trial court indicate the basis for the exercise of its discretion. The prosecution offered no argument on the motion.

Defendant did not take the stand in his own defense and the jury found him guilty on both counts. After conviction, defendant brought a motion for a new trial which was heard and denied immediately after defendant was sentenced. Error was premised on the trial court's denial of defendant's motion *in limine*. At this stage of the proceedings the trial court examined more closely the nature, age, and extent of defendant's prior convictions and undertook to balance them. However, not all of the factors necessary to rendering an informed exercise of discretion were considered. On this basis the trial court denied the motion, reaffirming its prior ruling that all of defendant's prior felony convictions were admissible.

If we were to concentrate solely on the trial court's original denial of defendant's motion *in limine,* we would have no doubt that reversible error occurred. The decision to admit evidence of prior convictions rests in the sound discretion of the trial court. *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974). The trial court must recognize its discretion on the record. *People v Cherry,* 393 Mich 261; 224 NW2d 286 (1974). The evidence may be admitted if, in the exercise of its discretion, the trial court finds "that the probative value

of admitting this evidence on the issue of credibil-
ity outweighs its prejudicial effect". MRE
609(a)(2).[1]

This Court, based on the Supreme Court's opin-
ion in *People v Jackson, supra,* 333, has held that
the trial court must weigh three factors in reach-
ing a decision on this issue:

"The factors which the judge must weigh in making
his determination include: (1) the nature of the prior
offense (did it involve an offense which directly bears on
credibility, such as perjury?), (2) whether it is for sub-
stantially the same conduct for which the defendant is
on trial (are the offenses so closely related that the
danger that the jury will consider the defendant a 'bad
man' or infer that because he was previously convicted
he likely committed this crime, and therefore create
prejudice which outweighs the probative value on the
issue of credibility?), and (3) the effect on the decisional
process if the accused does not testify out of fear of
impeachment by prior convictions (are there alternative
means of presenting a defense which would not require
the defendant's testimony, *i.e.,* can his side of the story
be presented, or are there alternative, less prejudicial
means of impeaching the defendant?)." *People v Craw-
ford,* 83 Mich App 35, 39; 268 NW2d 275 (1978).

Although it has been stated that the record
should affirmatively reflect the trial court's aware-
ness of the *Crawford* criteria, *People v Joyner,* 93
Mich App 554, 560-561; 287 NW2d 286 (1979),
*People v Roberson,* 90 Mich App 196, 204-208; 282
NW2d 280 (1979), *lv den* 407 Mich 908 (1979) (D. C.
RILEY, J., dissenting), it has also been held that

[1] Effective May 14, 1980, the Supreme Court amended MRE
609(a)(2) so that it states in its present form:

"[T]he court determines that the probative value of admitting this
evidence on the issue of credibility outweighs its prejudicial effect *and
articulates on the record the factors considered in making the deter-
mination."* 408 Mich cxv. (Emphasis added.)

this is not necessary where there is no showing of an affirmative misapplication of the three criteria. *People v Roberson, supra,* 202. See *People v Wakeford,* 94 Mich App 249, 251; 288 NW2d 381 (1979).[2] A split exists on this last proposition however. This Court has reversed some cases where prior convictions have been ruled admissible even though no affirmative misapplication of the *Crawford* factors on the record is apparent. *People v Bennett,* 85 Mich App 68, 72; 270 NW2d 709 (1978), *lv den* 405 Mich 835 (1979), *People v Featherstone,* 93 Mich App 541, 544; 286 NW2d 907 (1979).

The record of the hearing on the motion *in limine* reveals no discussion of the *Crawford* criteria. We believe, however, that, even if the trial court is not required to balance these factors *on the record,* the trial court in the instant case abused its discretion in denying the defendant's motion *in limine.* We first note that the burden is on the prosecution to justify the need for impeachment by evidence of prior conviction. *Crawford, supra,* 38, *People v McCartney,* 60 Mich App 620; 231 NW2d 472 (1975). In the instant case, however, the prosecution did not speak a word in behalf of the admission of such evidence. The entire discussion of the issue took place between defense counsel and the trial court. In addition, the nature and extent of the defendant's record was never specified during the hearing on the motion. The conclusion that the trial court was unaware of the specifics of the defendant's prior

---

[2] The Supreme Court appears to have opted for a requirement that the balancing process take place on the record, as evidenced by the recent amendment to MRE 609(a)(2). See footnote 1, *supra.* Although the amended evidence rule does not specifically require that the *Crawford* criteria be balanced on the record, those criteria should form the basis of any balancing between the probative value and prejudicial effect of evidence of prior convictions.

record is bolstered by the fact that, after the jury returned its verdict, the trial court informed the jury that defendant had two prior rape convictions when in fact his only prior felony convictions were for assault with intent to rob while unarmed and gross indecency. We do not believe that a trial court can adequately exercise its discretion in accordance with the *Crawford* criteria, whether on or off the record, when it is unaware of just what prior convictions the defendant is burdened with.

These errors were, to some extent, corrected in the hearing on defendant's motion for a new trial.[3] At this stage of the proceedings, the prosecution argued in support of the trial court's decision to allow impeachment by evidence of prior conviction and the trial court recognized the *Crawford* criteria as well as the specifics of defendant's record. Nonetheless, we believe the trial court did abuse

[3] We do not mean to imply that in the future we will save a trial court's inadequate consideration of a motion to suppress prior convictions at the time of trial by pointing to a proper consideration of these factors when a hearing has been held to consider a motion for a new trial. In *People v Oliver,* 90 Mich App 144; 282 NW2d 262 (1979), this Court ascertained that the trial judge had weighed the similarity of a prior conviction to the charged offense as favoring admissibility. The *Oliver* Court remanded the matter to allow the trial court to determine how it would have used its discretion had it properly weighed the similarity of the offenses. The Supreme Court summarily reversed in 407 Mich 857 (1979). While we fail to find an affirmative misapplication of the relevant criteria on the record in this case, we nonetheless conclude that a trial court which initially fails to properly consider the motion to suppress cannot be allowed, after the fact, to indicate how it would have ruled had it correctly handled the motion. Human nature being what it is, we are convinced that there is too great a possibility that the subsequent exercise of discretion will not be true but, rather, will be influenced subtly, and in some cases not so subtly, by the previous ruling allowing the convictions to be used. Even where the trial court has not been told that its handling of the motion was incorrect, the fact that the trial has already been conducted makes it difficult from a psychological perspective to be wholly impartial. By pointing to the court's second consideration of the prior convictions problem here, we are only stressing that it too would have constituted an abuse of discretion, even had it been the court's original response to the motion *in limine.*

its discretion both in failing to agree to exclude evidence of his gross indecency conviction and in refusing to grant a new trial.

Gross indecency is a crime which is similar to the charged offense of criminal sexual conduct in the third degree in that both involve sexual misconduct. The second *Crawford* criterion recognizes that there is a danger inherent in admitting evidence of similar convictions because the jury may use the evidence for more than its proper purpose of impeachment and convict the defendant as a bad person or infer that, because he had engaged in sexual misconduct in the past, it is likely he committed the crime charged. As a result, such evidence should be admitted only with the utmost caution. *People v Baldwin,* 405 Mich 550; 275 NW2d 253 (1979), *People v Moseley,* 94 Mich App 461, 464; 290 NW2d 39 (1979), *Bennett, supra.* See, also, *Gordon v United States,* 127 US App DC 343; 383 F2d 936 (1967). At the hearing on the motion for a new trial, however, the trial court, while initially recognizing the *Crawford* criteria, failed to examine the similar nature of defendant's gross indecency conviction to the charged offense. The trial court noted that defendant had felony convictions for assault with intent to rob while unarmed and gross indecency, that the convictions had taken place within 10 years of the trial, and that the assault conviction went to the issue of credibility because it involved theft. After observing that admission of evidence of prior convictions would always be prejudicial, the trial court concluded that the probative value of the evidence outweighed its prejudicial effect and reaffirmed its previous ruling by denying the motion for a new trial.

We believe that application of each of the three

*Crawford* criteria leads to the conclusion that the trial court abused its discretion in refusing to suppress defendant's gross indecency conviction. Considering the first factor, the nature of the offense, gross indecency does not directly bear on the issue of credibility in the way that a conviction for perjury, or perhaps a theft-related offense, would. Accordingly, the probative value of admitting evidence of this conviction was not particularly high. The second factor, the similarity between the prior conviction and the charged offense, clearly weighed against admissibility. Because both gross indecency and the charged offense involve sexual misconduct, the prejudicial effect of the evidence was high because of the possibility that the jury would use the evidence for more than its permissible purpose. The third factor focuses on whether less prejudicial means of impeaching the defendant exists, and, in the instant case, this factor also weighs against the admissibility of the evidence of defendant's gross indecency conviction. Because defendant could be impeached with evidence of the assault with intent to rob conviction, a conviction more directly related to credibility and with a less prejudicial effect, there was no need to also admit the gross indecency conviction. Because the gross indecency conviction had little probative value, a great prejudicial effect, and because less prejudicial means by which defendant could be impeached existed, the trial court abused its discretion in refusing to suppress the evidence of this conviction.

We do not believe this error can be considered harmless. Defendant did not take the stand, and, although he was able to present his alibi defense through other witnesses, this testimony was shrouded in controversy. The evidence against the defendant was less than overwhelming.

Reversed and remanded for a new trial.

Bronson and H. E. Deming, JJ., concurred.

V. J. Brennan, P.J. *(dissenting).* I respectfully dissent. While the majority opinion clearly acknowledges that the decision to admit evidence of prior convictions rests in the sound discretion of the trial court and should not be reversed absent an abuse of discretion, it then qualifies the significance of having this as the standard for appellate review.

The standard in testing for an abuse of discretion is a narrow one. *People v Talley,* 410 Mich 378; 301 NW2d 809 (1981), *People v Jones,* 98 Mich App 421, 432-433; 296 NW2d 268 (1980), *People v Worden,* 91 Mich App 666, 675-676; 284 NW2d 159, 164-165 (1979).

"Where, as here, the exercise of discretion turns upon a factual determination made by the trier of the facts, *an abuse of discretion involves far more than a difference in judicial opinion between the trial and appellate courts.* The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an 'abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." *Spalding v Spalding,* 355 Mich 382, 384-385; 94 NW2d 810 (1959). (Emphasis added.)

The majority opinion does not follow the admonitions of this standard. Instead, it attempts to substitute its judgment for that of the trial court on the basis of a "difference in judicial opinion" between the trial court and this panel. This is

error. Rather, it should be focusing upon whether the trial court's decision evidences "perversity of will", "defiance" of judgment, "passion", or "bias".

Accepting the fact that the trial court is to consider the factors enumerated in *People v Crawford,* 83 Mich App 35, 39; 268 NW2d 275 (1978), I disagree that the trial court misapplied or inadequately balanced these factors so as to evidence an abuse of discretion requiring reversal. The most that can be said is that judicial differences may exist as to the application of the *Crawford* factors.

To illustrate: While evidence of misdemeanor convictions is admissible only if they involve theft, dishonesty or false statement, the same is not automatically true for prior felony convictions. Numerous decisions by this Court have held that impeachment by evidence of prior felony convictions need not be limited to crimes directly related to credibility, *viz.:* fraud, embezzlement, perjury, false pretenses. *People v Lytal,* 96 Mich App 140, 151-152; 292 NW2d 498 (1980), *People v Hughes,* 93 Mich App 333, 337; 287 NW2d 226 (1979), *People v Townsend,* 60 Mich App 204; 230 NW2d 378 (1975). As a felony clearly involves "moral turpitude", it has some probative value as to defendant's veracity. *People v Whigham,* 102 Mich App 96; 300 NW2d 753 (1980).

Secondly, although evidence of similar prior convictions should be admitted with caution, *People v Baldwin,* 405 Mich 550; 275 NW2d 253 (1979), *People v Green,* 86 Mich App 142; 272 NW2d 216 (1978), the literature abounds with case law recognizing that similarity does not bar per se every impeachment by evidence of a prior similar conviction. *People v Jones, supra, People v Hughes, supra, People v Townsend, supra.* While, in the instant case, the felony was similar, it

surely was not the identical, or even substantially the same, offense as that charged.

Furthermore, it is significant that, although the defendant did not testify at trial, his alibi defense was developed and presented through the testimony of defense witnesses. *People v Hughes, supra.*

Hence, on this record, I detect nothing which would lead me to conclude that the application of the *Crawford* factors per se barred the impeachment by evidence of defendant's gross indecency conviction. At the most, this record only demonstrates that "differences in judicial opinion" may exist in interpreting, applying and balancing these factors. This is not enough for this Court to reverse the trial court. We are not permitted to "second guess". Since I find nothing so palpably or grossly violative of fact or logic as to constitute an abuse of discretion, I would affirm the trial court's decision. I suggest that the majority opinion is actually attempting to substitute a "hard and fast rule" that evidence of similar felony convictions is *ipso facto* too prejudicial to overcome its probative value. Neither the rules of evidence, case law nor public policy supports this blanket preclusion approach.