### PEOPLE v TERRYES JOHNSON

Docket No. 62000. Submitted November 19, 1982, at Detroit.—Decided December 20, 1982. Leave to appeal denied, 417 Mich 897.

Terryes Johnson was convicted of breaking and entering with intent to commit larceny, Recorder's Court of Detroit, John Patrick O'Brien, J. Defendant appealed, challenging the adequacy of the court's instructions to the jury regarding specific intent and alleging error in the court's permitting admission of evidence of defendant's prior convictions for attempted breaking and entering for impeachment purposes. *Held:*

1. The jury instructions, reviewed as a whole, were proper and adequate.

2. A trial judge may, in the exercise of discretion, exclude evidence of a defendant's prior convictions. However, it is error for the trial judge to fail to recognize the factors underlying his decision on the record, as in this case.

Reversed.

D. F. Walsh, J., concurred in part and dissented in part. He concurred in the holding that the jury instructions were adequate but would hold that it is not an abuse of discretion for a trial court in a criminal trial to allow impeachment of a defendant by evidence of prior convictions where the record establishes that the court recognized and exercised its discretion in ruling, the evidence of the prior convictions was probative of credibility and the ruling did not deprive the jury of defendant's testimony. He would affirm.

#### OPINION OF THE COURT

1. CRIMINAL LAW — IMPEACHMENT — PRIOR CONVICTIONS — RULES OF EVIDENCE.

A trial judge may, in the exercise of discretion, exclude evidence of a defendant's prior convictions; it is error for the trial judge

to fail to recognize the factors underlying his decision on the record (MRE 609[a][2]).

PARTIAL CONCURRENCE AND PARTIAL DISSENT BY D. F. WALSH, J.

2. CRIMINAL LAW — IMPEACHMENT — PRIOR CONVICTIONS.
   *It is not an abuse of discretion for a trial court in a criminal trial to allow impeachment of a defendant by evidence of prior convictions where the record establishes that the court recognized and exercised its discretion in ruling, the evidence of the prior convictions was probative of credibility and the ruling did not deprive the jury of defendant's testimony.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Nancy Alberts,* Assistant Prosecuting Attorney, for the people.

*Alvin C. Sallen,* for defendant.

Before: D. C. RILEY, P.J., and N. J. KAUFMAN and D. F. WALSH, JJ.

D. C. RILEY, P.J. The facts of this case are adequately set forth in Judge WALSH's opinion.

We are in agreement with Judge WALSH's analysis of defendant's challenge to the adequacy of the court's jury instructions and therefore adopt it as our own. However, we find that the trial court erred in admitting evidence of defendant's prior convictions for attempted breaking and entering.

Under proper circumstances, MRE 609 allows the introduction of evidence of prior convictions for impeachment purposes. MRE 609(a) provides as follows:

"(a) General rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from

him or established by public record during cross-examination but only if

"(1) the crime was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or the crime involved theft, dishonesty or false statement, regardless of the punishment, and

"(2) the court determines that the probative value of admitting this evidence on the issue of credibility outweighs its prejudicial effect *and articulates on the record the factors considered in making the determination."* (Emphasis added.)

The record reveals that the trial court failed to comply with MRE 609(a)(2) in that it made no mention of the factors it considered in determining that the probative value of admitting this evidence outweighed its prejudicial effect. The trial court's fleeting reference to *People v Crawford,* 83 Mich App 35, 39; 268 NW2d 275 (1978), does not compel a different result. When ruling on defendant's motion *in limine,* the trial court stated:

"The motion is denied. It is a matter within my discretion and based on the factors mentioned in *People v Crawford,* I will allow the prosecutor to inquire as to those felonies that we have mentioned."

This conclusory statement is insufficient to satisfy the dictates of *Crawford, supra.* When ruling on such a motion, the trial court should note its discretion and the *Crawford* factors, as well as the factual circumstances supporting its decision. *People v Barker,* 97 Mich App 253, 256, fn 1; 293 NW2d 787 (1980); *People v Joyner,* 93 Mich App 554, 560-561; 287 NW2d 286 (1979).

Furthermore, the trial court's statement,

"I believe that the jury knows that Mr. Johnson has

committed so *[sic]* similar offenses on more than one occasion that he certainly might have the propensity for this type of crime and it would be more likely that he committed this one than he did not",

leads us to believe that it erroneously weighed the second *Crawford* factor, *i.e.,* similarity, in favor of admission and, therefore, defendant's conviction is reversed.

Reversed.

N. J. KAUFMAN, J., concurred.

D. F. WALSH, J. *(concurring in part and dissenting in part).* Defendant, Terryes Johnson, was convicted of breaking and entering with intent to commit larceny. MCL 750.110; MSA 28.305. He was sentenced to a prison term of six to ten years.

Defendant first challenges the adequacy of the court's instructions to the jury regarding specific intent. Review of the instructions as a whole, however, demonstrates conclusively that the instructions were proper and adequate.

Next, defendant contends that the court committed reversible error in permitting admission of evidence of defendant's prior convictions for attempted breaking and entering for impeachment purposes. The majority agrees and reverses. I must repectfully dissent.

The record establishes that the court recognized and exercised its discretion. *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974). I find no abuse of that discretion. *People v Williams,* 413 Mich 72; 318 NW2d 462 (1982).

The court correctly recognized that the similarity between the prior convictions and the charged offense required that the court be "extremely careful" in determining admissibility. *People v Bald-*

*win,* 405 Mich 550; 275 NW2d 253 (1979). Evidence of the prior convictions for theft-related offenses was, however, probative of defendant's credibility. See *People v Gary Johnson,* 105 Mich App 332, 341; 306 NW2d 501 (1981); *People v Rush,* 118 Mich App 236; 324 NW2d 586 (1982). And the court's ruling did not deprive the jury of defendant's testimony. Compare *People v Williams, supra.*

I am persuaded that there was no abuse of discretion and that defendant received a fair trial. I would affirm.