## PEOPLE v LINDBERG

Docket No. 91095. Submitted May 12, 1987, at Lansing. Decided August 4, 1987.

Thomas J. Lindberg was convicted of uttering and publishing and false pretenses with intent to defraud over $100 following a jury trial in Oakland Circuit Court, Robert L. Templin, J. Defendant subsequently pled guilty to a charge of being an habitual offender, second offense. Defendant appealed, claiming error by the trial court in admitting evidence of prior convictions for breaking and entering a coin-operated device, manslaughter and possession of a firearm during the commission of a felony, and alleging prosecutorial misconduct during cross-examination of defendant.

The Court of Appeals *held:*

1. A trial court, when determining the probative value of admitting evidence of prior convictions for the purpose of impeaching a witness' credibility, must articulate on the record the factors considered in making its determination.

2. Error requiring reversal occurs where, as here, the record fails to indicate whether the trial court was aware of its discretion when ruling on the admissibility of evidence of prior convictions or whether the trial court properly considered the necessary factors in making its determination.

3. A defendant may not be cross-examined as to the duration and details of a prior prison sentence to test his credibility. In this case, while the prosecutor did not directly inquire as to the length of defendant's prior incarceration, the overall line of questioning suggested that, no matter what sentences defendant incurred as a result of the instant trial, his prior sentence would inevitably be longer.

Reversed and remanded for a new trial.

1. CRIMINAL LAW — EVIDENCE — IMPEACHMENT — PRIOR CONVICTIONS — RULES OF EVIDENCE.

A trial court must articulate on the record the factors considered

REFERENCES

Am Jur 2d, Witnesses §§ 569 *et seq.*

Construction and application of Rule 609(a) of the Federal Rules of Evidence permitting impeachment of witness by evidence of prior conviction of crime. 39 ALR Fed 570.

in determining whether to permit a defendant to be impeached through use of evidence of prior convictions; error requiring reversal occurs where the record fails to indicate whether the trial court was aware of its discretion when ruling on the admissibility of such evidence or whether the trial court properly considered the necessary factors in making its determination (MRE 609).

2. CRIMINAL LAW — EVIDENCE — IMPEACHMENT — PRIOR CONVICTIONS.

Factors which a trial judge should weigh in balancing probative value and prejudicial effect when deciding whether evidence of a defendant's prior conviction is admissible include: (1) the nature of the prior offense, in particular whether it involved an offense directly bearing on credibility; (2) whether the prior conviction was for substantially the same conduct for which the defendant is on trial, in particular whether the offenses are so clearly related that a jury may infer that because the defendant was previously convicted he likely committed this crime; and (3) the effect on the decisional process if the accused does not testify out of fear of impeachment.

3. CRIMINAL LAW — EVIDENCE — PRIOR PRISON SENTENCES — CROSS-EXAMINATION OF DEFENDANT — CREDIBILITY.

The introduction of the length of a defendant's prior sentence on cross-examination of the defendant is error requiring reversal because it is the prior conduct undertaken by the accused, and not the ensuing punishment, which is relevant, and sentences for the same offense vary from tribunal to tribunal and from judge to judge (MCL 600.2158; MSA 27A.2158).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Margaret G. Horenstein,* Assistant Prosecuting Attorney, for the people.

*Richard C. Digon,* for defendant on appeal.

Before: MACKENZIE, P.J., and HOOD and J. P. SWALLOW,* JJ.

PER CURIAM. Defendant, Thomas J. Lindberg,

* Circuit judge, sitting on the Court of Appeals by assignment.

was convicted by a jury of uttering and publishing, MCL 750.249; MSA 28.446, and false pretenses with intent to defraud over $100, MCL 750.218, MSA 28.415, and pleaded guilty to a charge of being an habitual offender, second offense, MCL 769.10; MSA 28.1082, based on a prior conviction for breaking and entering a coin-operated device. At that time, defendant also had prior convictions for manslaughter and possession of a firearm during the commission of a felony. On August 13, 1985, the Oakland Circuit Court sentenced defendant to a term of from three to fourteen years on the uttering and publishing conviction, and from three to ten years on the false pretenses conviction, both of which sentences were vacated upon imposition of the terms of from six to twenty-one years and from six to fifteen years, respectively, under the applicable habitual offender statute. Defendant now appeals as of right, and we reverse his convictions and remand the case for a new trial.

The record reveals that on April 6, 1983, defendant gave seventy-three-year-old Mary Greisser a check with a forged endorsement. Greisser and her grandson, William Mayfield, defendant's friend, testified that defendant assured Greisser that the federal income tax refund check in the amount of $441.25 had been properly endorsed to him by the named payee, Brenda Barnes, as payment for work defendant had performed on Barnes' car. Defendant told Greisser that he could not cash the check himself because he had no bank account, which prompted Greisser to agree to deposit the income tax check into her own account and to write defendant a check when the $441.25 was credited to her by the bank. On April 12, 1983, Greisser wrote a check on her account for defendant, and defendant cashed it. About six months

later, the federal government determined that the endorsement on the income tax check was a forgery. The bank froze Greisser's account and charged her $441.25. According to Greisser and Mayfield, defendant promised to pay Greisser back, but did not do so for about two years. Thereafter, Greisser pressed charges and a few days before the March 18, 1985, preliminary examination, defendant admitted to Greisser that he knew the check was bad; he then paid her back in cash.

Brenda Wilson, formerly Brenda Barnes, testified that when she did not receive her federal income tax check for 1982 she contacted federal authorities in Columbus, Ohio. After identifying her purported signature on the back of the check as a forgery, she was issued another check by the government. She stated that she did not know defendant and that he had never done any work for her.

Defendant, an unemployed master mechanic, testified that a neighbor named Johnny had brought Brenda Barnes to defendant's house, explaining to defendant that Barnes' car had serious engine problems. Defendant stated that he subsequently installed a rebuilt engine into Barnes' car and that she paid him with a federal income tax refund check which she endorsed to him. On cross-examination it was disclosed that the endorsement of Brenda Barnes' name was spelled "Brenda Barns." Defendant explained that normally his father-in-law cashed his checks, but that since at that time his father-in-law was out of town, he requested William Mayfield to ask his grandmother to cash the check. She cashed the check and later gave defendant the cash. According to defendant, when, about six months later, Greisser told him that the check was bad, he immediately gave Greisser $50 and thereafter paid back the

balance in small amounts over the course of time. Defendant also asserted that when criminal charges were filed against him, he again paid back complainant in full on March 15, 1985, believing that Greisser would no longer press charges.

On appeal, defendant first argues that the trial court's failure to comply with the requirements of MRE 609 and applicable case law regarding the admission of his prior convictions mandates reversal. In particular, defendant contends that the trial court failed to articulate on the record its reasons for admitting evidence of his prior convictions, and that that failure requires reversal in this case. We agree.

Just before the commencement of trial, defendant requested that evidence of his prior convictions be suppressed. He argued that his prior conviction for breaking and entering a coin-operated device be suppressed on the basis of its similarity to the charged crimes of uttering and publishing and of false pretenses, reasoning that all these offenses involved larcenous activity. The prosecutor argued in response that all of defendant's prior convictions, including those for breaking and entering a coin-operated device, manslaughter, and possession of a firearm during the commission of a felony, be admitted into evidence because "they're more probative than prejudicial." The ruling in full by the circuit judge on defendant's motion was: "The Court is going to deny the motion."

Effective May 14, 1980, the Supreme Court amended MRE 609 (a)(2) to require a court, when determining the probative value of admitting evidence of prior convictions for the purpose of impeaching a witness' credibility, to articulate on the record the factors considered in making its determination. 408 Mich cxv. Despite the amended

language, however, the majority of panels of this Court which have addressed this issue have held that the failure of a trial court to articulate on the record the factors considered in determining the admissibility of prior convictions does not alone mandate reversal. See, e.g., *People v Eggleston,* 148 Mich App 494, 502-503; 384 NW2d 811 (1986); *People v Gendron,* 144 Mich App 509, 376 NW2d 143 (1985), lv den 425 Mich 853 (1986); *People v Cummings,* 139 Mich App 286; 362 NW2d 252 (1984); *People v Ferrari,* 131 Mich App 621; 345 NW2d 645 (1983), lv den 421 Mich 852 (1985); *People v Steele,* 115 Mich App 758; 321 NW2d 804 (1982). Cf. *People v Terryes Johnson,* 122 Mich App 172; 333 NW2d 32 (1982), lv den 417 Mich 897 (1983). Rather, harmful error occurs, and reversal is therefore required, only if the transcripts indicate that the trial court was unaware of its discretion to rule on the issue and affirmatively misapplied any of the factors enunciated in *People v Crawford,* 83 Mich App 35, 39; 268 NW2d 275 (1978). *People v Bell,* 155 Mich App 408, 411-412; 399 NW2d 542 (1986); *People v Handley,* 422 Mich 859; 365 NW2d 752 (1985), rev'g *People v Handley (On Remand),* 135 Mich App 51; 352 NW2d 343 (1984). The *Crawford* factors, which have often been repeated by this Court, are as follows:

> (1) the nature of the prior offense (did it involve an offense which directly bears on credibility, such as perjury?), (2) whether it is for substantially the same conduct for which the defendant is on trial (are the offenses so closely related that [there is] danger that the jury will consider the defendant a "bad man" or infer that because he was previously convicted he likely committed this crime, and therefore create prejudice which outweighs the probative value on the issue of credibility?), and (3) the effect on the decisional process if the accused

does not testify out of fear of impeachment by prior convictions (are there alternative means of presenting a defense which would not require the defendant's testimony, *i.e.,* can his side of the story be presented, or are there alternative, less prejudicial means of impeaching the defendant?). [*Crawford, supra,* p 39.]

In the instant case, the trial court did not demonstrate that it applied the *Crawford* factors in deciding to deny defendant's motion to suppress evidence of prior convictions. Indeed, the trial court did not articulate on the record any factors that it considered in denying defendant's motion. The only possible indications on the record from which we might infer that the trial court was aware that its decision was discretionary were the facts that the motion was heard, both parties were permitted to speak, and the prosecutor mentioned that evidence of defendant's prior convictions was more probative than prejudicial. Neither the prosecutor nor defendant nor the trial court mentioned MRE 609 or the case law interpreting it. Such a situation does not reveal to us that the trial court was aware of the discretionary nature of its ruling, but rather indicates that the trial court may well have been unaware of the applicable rule of evidence and the relevant precedent. Since evidence of a defendant's prior convictions is not automatically admissible, we find that, under the facts and circumstances of this case, the trial court erred in peremptorily denying defendant's motion without explanation. Moreover, we cannot consider such error to be harmless because, had the court considered the proper factors, some or all of defendant's prior convictions may have been excluded from evidence, thus enhancing the credibility of defendant's testimony regarding having legally obtained

the income tax refund check as payment for work performed on Brenda Barnes' car.

Although our disposition of defendant's first issue on appeal requires reversal of his convictions, thus not necessitating a review of the remaining issues raised on appeal, we comment on a second issue so that, upon a retrial, similar error will not reoccur. In particular, we detect that prosecutorial misconduct occurred as a result of questions posed to defendant on cross-examination regarding a sentence imposed for defendant's prior criminal activity.

During cross-examination of defendant, and despite the strenuous and constant objections lodged by defense counsel, the prosecutor posed the following questions to defendant:

> Mr. Lindberg, you don't really have a lot to lose by perjuring yourself from the stand; isn't that true?"
>
> * * *
>
> Isn't it in fact, true that . . . the state can't punish you much more than you're being punished right now?
>
> * * *
>
> You can't do much more time than what you're doing now?"
>
> * * *
>
> Isn't it, in fact, your understanding that you can't be punished much more than what you're being punished for right now for other things?

We find this line of questioning to have been improper.

Michigan statutory law eliminated the old common-law disability which prevented those convicted of a crime from testifying in a court of law. MCL 600.2158; MSA 27A.2158. Nevertheless, such

a disability partially persists in the form of methods for impeaching a witness' credibility through the use of evidence of prior convictions. *Id.;* MRE 609; *People v Bouchee,* 400 Mich 253, 268; 253 NW2d 626 (1977); *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974). However, the statute abrogating the common-law rule is to be strictly construed. *People v Nelson White,* 26 Mich App 35, 39-40; 181 NW2d 803 (1970); *People v Sanders,* 43 Mich App 698, 705; 204 NW2d 706 (1972), rev'd on other grounds 394 Mich 439; 231 NW2d 639 (1975). Thus, it is error to cross-examine a defendant about the duration and details of prior prison sentences to test his credibility. *People v Rappuhn,* 390 Mich 266, 273-275; 212 NW2d 205 (1973); *People v Coffey,* 153 Mich App 311, 313; 395 NW2d 250 (1986). Were it otherwise, a defendant's inhibition to testify would be further enhanced. Moreover, it is a defendant's prior conduct, not the ensuing punishment for that conduct, which is relevant for purposes of impeachment because sentences for the same offense often vary from tribunal to tribunal and from judge to judge. *Nelson White, supra,* p 39; *Rappuhn, supra,* p 273. As a result, the introduction of the length of a defendant's prior sentence is generally error requiring reversal. *Id.*

Although the prosecutor did not ask defendant for the precise length of his prior sentence, the overall line of questioning certainly suggested that, no matter what sentences defendant incurred as a result of the current charges or for a perjury charge, his prior sentence would inevitably be longer. In responding to defense counsel's objections, the prosecutor stated that he was "trying to get into the motive that [defendant] would have to lie on the stand." Thus, it appears that the prosecutor intentionally introduced evidence of defen-

dant's sentence on a prior conviction for the purpose of testing defendant's credibility, or his motivation and propensity for lying on the witness stand. Introduction of such evidence is impermissible.

Moreover, we cannot regard as harmless the prosecutorial error which occurred at trial on this issue, as we decline to speculate whether, and to what extent, the innuendo that defendant was already serving an extremely lengthy sentence, and thus was unconcerned with the risks attendant upon committing perjury, may have influenced the jury in its decision to convict defendant. *Nelson White, supra,* p 40.

In light of our discussion and decisions on the above issues, we need not address the remaining arguments raised by defendant on appeal.

Reversed and remanded for a new trial consistent with this opinion.